JACK ROBINSON v. THE STATE.

No. 11183.   Delivered February 22, 1928.
Rehearing denied June 23, 1928.

346

The opinion states the case.

*Tom J. Cunningham* for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant entered a plea of guilty to theft of an automobile over the value of $50, and his punishment was assessed at five years' confinement in the penitentiary, suspended sentence being denied.

Some confusion in dates caused a question to be raised whether the statement of facts and bills of exception were filed in time. It is made to appear that they were filed in proper time and will receive consideration.

Appellant's chief complaint seems to be the claim that he was induced to enter his plea of guilty under an agreement with the assistant county attorney that appellant's application for suspended sentence would not be contested. The bill of exception brings forward complaint that the trial court declined to require the assistant county attorney to comply with the alleged agreement. The bill is peculiar in that incorporated therein is an affidavit of appellant's attorney to the effect that such an agreement was had, and also an affidavit of the assistant county attorney—made part of the

bill by the court's qualification—to the effect that the plea of guilty was not induced by any such agreement. To say the least of it, the two affidavits present an issue of fact which this court in its capacity of a reviewing tribunal only will not assume to determine. Both of the affidavits were made long after the trial, hence neither could have been before the trial court when he was called upon to require the assistant county attorney to comply with the claimed agreement. In the absence of anything in the bill showing to the contrary we must presume that when the question came up during the trial the judge investigated the matter and that his ruling thereon was correct. The record reflects that the learned trial judge must have again considered the question of fact involved in passing upon the motion for new trial. Attached to this motion is the same affidavit of appellant's attorney as we find incorporated in the bill of exception. The order overruling the motion recites that the court heard evidence thereon. What such evidence was is not brought forward, hence we must assume that the action of the trial court in overruling the motion was correct, the effect of which order was to determine the question of fact in favor of the state. Delaney v. State, 292 S. W. 229, and authorities therein cited. If during the trial serious question had arisen in the court's mind as to whether appellant had been induced to enter his plea of guilty by some promise on the part of the assistant county attorney it would have been the duty of the court to have withdrawn appellant's plea of guilty and entered for him a plea of not guilty, which action would have protected appellant's rights. We must assume the facts before the court did not warrant such action. The eighth bill relates to the same subject considered in bill number one and requires no further consideration.

Appellant brings forward bills of exception three and four each of which complain of the admission of certain evidence with the recital that he would have objected to the same had he not been relying on the agreement heretofore discussed. No objection having been interposed when the evidence was offered the court was not called upon to rule and this court is in no position to review a question upon which the trial court did not act.

Complaint is found in bill of exception five because the court reporter was permitted, over appellant's objection, to read to the jury the evidence given by appellant while testifying as a witness for the state on the trial of a companion case. Objection to such proceeding was urged on several grounds. The bill is incomplete in failing to incorporate therein the evidence which was admitted over objec-

tion. The cases are numerous holding such omission to be fatal to the bill. They are collated in Vernon's Ann. Cr. St. Vol. 2, C. C. P., Art. 667 under Note 31 and in Branch's Ann. Tex. P. C., under Sec. 210.

Upon cross examination of appellant the state asked if he had not been charged with theft and sent to the reformatory in 1922, and if later he was not charged with burglary, being first paroled to his father and mother, and on the second trial received a suspended sentence. Appellant answered that he was tried for both offenses in the county court. The questions are indefinite but indicate that the inquiry was with reference to offenses involving moral turpitude. For impeachment purposes the inquiry was not improper as against objection that the record was the best evidence. Authorities are collated under Sec. 167, Branch's Ann. Tex. P. C. Nothing appearing in the bill support's the objection that the occurrences inquired about were too remote. Further objections were urged that the state's attorney was not properly "quoting the record," and that the trial having occurred in the county court it could not have been upon a charge of burglary. The bill does not purport to bring forward the facts of the transactions inquired about by the county attorney and we are left in a position where we must asume that the ruling of the trial court was correct, the bill not being sufficiently full to show otherwise. Burnett v. State, 73 Tex. Cr. R. 477, 165 S. W. 581.

Appellant offered in evidence the verdict of the jury in the companion case in which appellant had testified and in which the jury recommended a suspended sentence. It was properly excluded. A verdict of another jury had no place in the present trial.

The judgment must be affirmed and it is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—In his motion for rehearing appellant reiterates his complaint that the assistant county attorney had made an agreement not to contest appellant's application for a suspended sentence and did in fact contest the same upon the trial. A further careful review of the facts, the bills of exception and affidavits before us which are a part of the record shows that the trial court was justified in concluding that said state's attorney did not agree to refrain from presenting to the jury all available facts properly affecting the right of appellant to a suspended sentence. It is not

claimed that said state's attorney in his argument opposed the granting of it. As shedding light upon the attitude of the matters before the trial court the affidavit of the assistant county attorney shows that when approached by appellant's attorney relative to the matter the assistant county attorney stated that he was opposed to the suspended sentence in this case but in view of the facts that a co-defendant had received one the state's attorney would go no further than to fully develop the facts and leave it to the jury. The argument of the state's attorney which is set out in his affidavit without contradiction by appellant, shows that he left it entirely to the jury to say what they would do in that respect. The attorney for the state is a sworn officer under a solemn duty to the whole people and he has no right to undertake to bind the state by an agreement which would result in wrong to society and the state at large. If in fact the past life and conduct of one accused be such that it would likely prevent the giving of a suspended sentence it would appear a dereliction on the part of attorney representing the state to agree to withhold proper facts from the jury in order that such a person might obtain a suspended sentence.

In the last paragraph of our original opinion we referred to complaint at what took place during the cross examination of appellant. The disposition of the question was based solely on what was thought to be the incompleteness of the bill of exception bringing the matter forward for review. It was not intended to convey the idea that inquiry for the purpose of impeachment or to prevent a suspended sentence might be made regarding the result of a juvenile proceeding in the face of Art. 1092 C. C. P. which forbids it, and which reads as follows:

"A disposition of any delinquent child under this law or any evidence in such case, shall not, in any civil, criminal or other cause or proceeding whatever, in any court, be lawful or proper evidence against any child for any purpose whatever, except in subsequent cases against the same child under this law. Neither the conviction of the accused as a delinquent child nor the service of sentence thereunder shall deprive him or her of any rights of citizenship when such child shall become of full age."

We have said this much for fear we did not make ourselves clearly understood by the language used in the original opinion. A further examination of the statement of facts shows the fact that appellant had been to the reformatory went into the record and reached the jury as a result of testimony given by appellant upon

direct examination. The question propounded by state's counsel in regard to the matter was brought about as a result of the evidence thus given. Regardless of whether the bill upon its face was sufficient, the facts just recited render the complaint unavailing.

The motion for rehearing is overruled.

*Overruled.*