**Ed CAMPBELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44771.**

Court of Criminal Appeals of Texas.

April 12, 1972.

Rehearing Denied June 14, 1972.

**392**

James & Price by Jimmy R. James, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Sam Robinson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for bribery. The punishment assessed, by the jury, was one year in the county jail and a fine of $5,000.

The sufficiency of the evidence is not challenged. Suffice it to say that the appellant worked for the Tax Department, City of Houston, and appraised property for tax purposes. He purchased a used station wagon from John Short Motor, Co., Inc. and subsequently, prior to taking an out-of-state trip, returned the car to the motor company for some needed repairs. The bill for these repairs amounted to $495.55, which was higher than anticipated. After his return from his trip, appellant talked to John Short, owner of the motor company, about the bill due and the tax evaluation of property belonging to the motor company offering to re-evaluate for tax purposes the property provided the repair bill was cancelled.

Initially, appellant complains the court erred in granting the State's motion in limine to restrict him from mentioning the civil service hearing and the results thereof. It appears from the motion that following the alleged offense the appellant was fired from his employment. As a result of a hearing he was reinstated by the Civil Service Commission and moved to another department. During voir dire ex-

amination of the jury panel, appellant's counsel inquired of some of the prospective jurors if they had heard the results of the civil service hearing. The motion sought to prevent the defense counsel from further mentioning or eliciting evidence of the same without it first being determined that the same was admissible. The motion was granted. No objection was made or exception taken. No later effort was made to show that it was admissible. Nothing is presented for review. Piraino v. State, 415 S.W.2d 416 (Tex.Cr.App.1967).

■ Next appellant urges that the court erred in failing to grant his motion to quash the indictment based on the absence of an allegation that John Short had any authority to act in behalf of John Short Motors, Inc., or that he [the appellant] believed or had reason to believe that John Short possessed such authority.

Assuming, without deciding, that the motion to quash was in proper form, it is observed that appellant was charged and convicted under that portion of Art. 159, Vernon's Ann.P.C., as amended 1957, which provides:

" . . . ; or any such person (including an employee of a city) who shall ask, solicit or offer to accept a bribe with the intent or for the purpose of influencing his act, decision, vote, opinion or recommendation, on any question, matter, nomination, cause, proceeding or contract which may at any time be pending, or which may be brought or come before him in his official capacity, or in his employment, agency or place or position of honor, trust or profits shall be guilty of bribery. . . . "

The gravamen of the offense charged is the soliciting by appellant of a bribe with the intent or for the purpose of influencing his act, appraisal decision, or recommendation on value for taxation of property of the John Short Motors, Inc. Whether John Short was able to perform as appellant solicited is immaterial and not an es-

sential element of the case required to be proved by the State. Appellant's contention is overruled.

■ In his third ground of error, appellant claims the court erred in admitting a photocopy of the repair order in question. He does not question the correctness of the copy, but claims that if he had the original the "State should have requested on the indictment that the appellant furnish the original" or that a copy would be used. He also advances the theory that if the State had access to the original it should have produced the same rather than a copy.

When the copy was offered the objection was on the basis of the best evidence rule. At the time, appellant had just shown, by the witness Short, the original had been "turned over" to the city's legal department and he didn't know where it was at the present time, but that it and two copies had been used as evidence before the Civil Service Board. The prosecutor stated he did not have the original, that the appellant had a copy as already shown by the testimony and he requested that copy be produced or he would offer the photocopy.

We cannot perceive error under these circumstances in admitting the photocopy.

■ The appellant also contends the court erred in refusing to allow him to impeach a State's witness by showing he was under indictment.

The witness Krauthamer was not charged with the same offense as the appellant and Art. 38.29, Vernon's Ann.C.C.P., prohibits the impeachment of a witness for an offense with which he has merely been charged and not finally convicted.

Further the record reflects that although the witness had been indicted in a federal court in Kansas the charges had been "dropped."

There is no merit to appellant's contention.

**394**

Complaint is next made that the State improperly sought to impeach defense character witness Solito [1] by using the "Did you know" form of question instead of the classical "Have you heard" form. The record does not support such contention. The prosecutor did use a "Has there been any report made to you" form of question to which there was no objection. Subsequently, when the prosecutor began another question with "Have you heard . . . " appellant objected as follows:

"Your Honor, we object to his going into extraneous matters and by innuendo referring to other things."

The objection was overruled. Certainly such witness may be asked if he has heard of conduct inconsistent with the good reputation to which he had previously testified. See 52 Tex.Jur.2d § 291, Witnesses, n. 19.

Still further appellant contends the court erred in excluding the testimony of the witness Holmes concerning appellant's civil service record. Appellant does not direct our attention to the portion of this voluminous record which he claims would have justified the admission of such evidence. No authorities are cited. We conclude the ground of error is not in compliance with Art. 40.09, § 9, Vernon's Ann.C.C.P. Nothing is presented.

Lastly, appellant contends the "trial court erred in refusing to grant the appellant a motion for a new trial that he might be enabled to obtain a fairer trial." Then he notes in the ground of error that the court once admonished State's counsel not to invade the province of the jury by his questioning; that "there are numerous other such questions"; that appellant should have been convicted on evidence not on the questions asked by the prosecutor. He

cites only that part of Art. 2.01, Vernon's Ann.C.C.P., which reads:

" . . . It shall be the primary duty of the prosecuting attorneys, including any special prosecutors, not to convict, but to see that justice is done. . . . "

The ground of error is multifarious, does not direct our attention to the "numerous other questions" and for a number of reasons does not comport with Art. 40.-09, § 9, supra. Nothing is presented for review. See McElroy v. State, 455 S.W.2d 223 (Tex.Cr.App.1970); Erwin v. State, 463 S.W.2d 13 (Tex.Cr.App.1971).

The judgment is affirmed.

---

1. Solito was called as a State's witness but on cross examination he testified that appellant's general reputation for honesty and integrity was good. He, thus, became a defense witness as to such subject matter. The State was properly allowed to impeach as to such subject matter.