**Joe RIVAS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 47316.**

Court of Criminal Appeals of Texas.

Dec. 5, 1973.

Raul E. Guerra, San Antonio (on appeal only), for appellant.

Ted Butler, Dist. Atty., Charles T. Conaway, Dick Ryman, David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D.

Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for murder; the punishment, fifteen years' imprisonment.

■ The State's principal witness was an eleven year old shoeshine boy who had observed the appellant run out of a bar, unlock the trunk of an automobile, remove a rifle and shoot the deceased. One of the appellant's grounds of error is that he was not permitted to show this witness' juvenile delinquency record for the purpose of impeaching him.[1]

■ It has long been held that a witness may be impeached by proof of felony convictions, or misdemeanor convictions involving moral turpitude, which are final convictions and not too remote. See, e. g., Nichols v. State, 494 S.W.2d 830 (Tex.Cr. App.1973); Ochoa v. State, 481 S.W.2d 847 (Tex.Cr.App.1972); Gaines v. State, 481 S.W.2d 835 (Tex.Cr.App.1972); Campbell v. State, 480 S.W.2d 391 (Tex. Cr.App.1972). See also Article 38.29, Vernon's Ann.C.C.P.[2]

■ An adjudication of juvenile delinquency may be based upon proof of acts which would constitute felonies or misdemeanors involving moral turpitude if committed by an adult, but such an adjudication does not constitute conviction for a felony or a misdemeanor involving moral turpitude.

1. When the appellant was attempting to prove the juvenile record of the witness the Court finally ruled the evidence was inadmissible and the appellant would not be permitted to prove the juvenile record in the absence of the jury for a bill of exception. The offer of proof is sufficient to preserve the alleged error for review.

2. The pertinent part of Article 38.29, V.A. C.C.P. is as follows:
   "The fact that a defendant in a criminal case, or a witness in a criminal case, is or has been, charged by indictment, information or complaint, with the commission of an offense against the criminal laws of this State, of the United States, or any other State shall not be admissible in evidence on the trial of any criminal case for the purpose of impeaching any person as a witness unless on trial under such indictment, information or complaint a final conviction has resulted, or . . . ."

■ Furthermore, it has been held that a juvenile delinquency record may not be used for impeachment of a witness because a provision of the Juvenile Act prohibits the introduction of such evidence.[3] See Smith v. State, 113 Tex.Cr.R. 124, 18 S. W.2d 1070 (1929), and Robinson v. State, 110 Tex.Cr.R. 345, 7 S.W.2d 571 (1928).[4]

■ We hold that a witness' juvenile delinquency record may not be used to impeach him.[5] This holding appears to be in accord with the law in other jurisdictions. See Brown v. United States, 119 U.S.App. D.C. 203, 338 F.2d 543 (1964), opinion written by Burger, Circuit Judge, now Chief Justice of the Supreme Court of the United States; Banas v. State, 34 Wis.2d 468, 149 N.W.2d 571 (1967); Kiracofe v. Commonwealth, 198 Va. 833, 97 S.E.2d 14 (1957); Hammac v. State, 44 Ala.App. 459, 212 So.2d 849 (1968); State v. Pitchford, 324 S.W.2d 684 (Mo.1959).

■ In another ground of error the appellant urges that there was a material variance between the allegation and the proof of the victim's name. The victim was a Mexican national who had been in this country for only a short time. His name was alleged in the indictment to be "Evarado Gaitan." The death certificate offered in evidence by the appellant and admitted recites that the deceased's name was "Everardo Gaytan Maldonado." Evidence was admitted to show the Spanish custom of a person taking the names of both his father and mother. The surname of the mother of the deceased was "Maldonado." There is also evidence in the record that the deceased was known by the name alleged in the indictment.[6] Smith v. State, 446 S.W.2d 883 (Tex.Cr.App.1969); Hammond v. State, 465 S.W.2d 748 (Tex. Cr.App.1971). See Article 21.07, V.A.C.C. P. and cf. Forder v. State, 456 S.W.2d 378 (Tex.Cr.App.1970).

■ The fourth ground of error complains that a certain portion of the prosecutor's argument "injected the wishes of the community which was improper, harmful and prejudicial to the appellant." The argument complained of was:

"All of you, if you have lived here in San Antonio any length of time, must be familiar with the proposition of a killing taking place in the midst of twenty people and nobody saw a thing. Nobody heard a thing. It's something that all of you people are familiar with. If you have eyes and ears and read and listen and know your community."

The record reflects that there were fifteen, eighteen or twenty witnesses inside

3. The pertinent part of Art. 2338–1, Sec. 13 (d), (e) Vernon's Ann.Civ.St. provides:
"(d) No adjudication upon the status of any child in the jurisdiction of the juvenile court shall operate to impose any of the civil disabilities ordinarily imposed by conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction, nor shall any child be charged with or convicted of any crime except perjury in any court except as provided in Section 6 of this Act.
"(e) The disposition of a child or any evidence given in the court shall not be admissible as evidence against the child in any case or proceeding in any court other than the juvenile court, nor shall such disposition or evidence operate to disqualify a child in any further civil service examination, appointment or application. However, nothing in this subsection prevents a show-ing before the district court or the grand jury that the child has been transferred for criminal proceedings under Section 6 of this Act."

4. These cases were decided under the provisions of Article 1092, Vernon's Ann.P.C., 1925. This statute has been repealed but the same provisions appear in the Juvenile Act quoted in footnote 3.

5. This holding is not to be confused with the recent holding in Walker v. State, 493 S.W. 2d 239 (Tex.Cr.App.1973) that a trial judge may consider a juvenile delinquency record of a defendant in determining whether or not probation should be granted.

6. The court reporter spelled the victim's name in the record as "Evarado Gaitan." The record does not reflect that any witness was asked the spelling of the victim's name.

the bar and that a number of these witnesses were interrogated by officers after the killing occurred. It appears that the eleven year old witness was the only one who saw or heard much of the action.

The defense counsel had argued:

"They want you to forget about everything else so hard that out of the fifteen or twenty witnesses they subpoened inside that bar they did not call a one of them to stand to tell you what happened . . . and not one witness did he call from inside of the bar, and what are the facts showing?"

We construe the argument to be in answer to that made by the defense counsel concerning the absence of testimony of certain witnesses. We do not conclude that the argument was an improper plea that the jury's action should be motivated by the wishes of the community.

In light of the objection made, the prosecutor's argument was not error.

The appellant asserts that the trial court erred in refusing to instruct the jury to disregard Officer William E. Sheppard's answer to the prosecutor's question concerning the making of a statement by appellant.

The prosecutor asked Officer Sheppard whether after he was arrested the appellant told him anything about what had happened. The Court sustained an objection. Defense counsel then said:

"Notwithstanding the Court's sustaining the objection, I would instruct . . . I would ask the Court to instruct the jury to disregard not only the question but the answer."

This request was denied by the Court. The transcription of the court reporter's notes does not show that the question was answered. There was no complaint before the record was approved that an answer to the question had been omitted. Since the record does not reflect the question was

answered the claim that the Court refused to instruct the jury to disregard such an answer is without merit.

The judgment is affirmed.

Opinion approved by the Court.