Rolando Mendez HERNANDEZ, A/K/A Rolando Hernandez Mendez, Appellant,

v.

STATE of Texas, Appellee.

No. 13–84–373–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 30, 1985.

Guadalupe Olvera, III, Brownsville, for appellant.

Ben Euresti, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and DORSEY and BE-NAVIDES, JJ.

OPINION

DORSEY, Justice.

Appellant was convicted by a jury of aggravated robbery by using a deadly weapon. The trial court considered appellant's plea of true to a prior conviction of burglary of a building and a presentence report and assessed his punishment at twenty years in the Texas Department of Corrections.

Appellant's sole ground of error alleges that there was a material and fatal variance between the name of the complainant as alleged and as proved. The complainant's name was alleged in the indictment to be Eudocio Rodriguez and the name proved at trial was Eudocio Balderas Rodriguez. He testified that his mother's last name is Rodriguez and his father's last name is Balderas and that both names are his last names, in accordance with Mexican tradition, and that he is a resident of Matamoros, Mexico.

Article 21.07 of the Texas Code of Criminal Procedure (Vernon 1966) provides that "when a person is known by two or more names, it shall be sufficient to state either name."

In *Ramos v. State,* 688 S.W.2d 135 (Tex. App.—Corpus Christi 1985, no pet.), this Court addressed precisely such a case. In *Ramos* the indictment charged the killing of Hilario Cervantes and the proof showed the killing of Hilario Roquis Cervantes. The deceased was a Mexican national from Matamoros who followed the tradition of taking the surnames of both parents as his own surnames. We held that the evidence in the case was sufficient to show that the deceased was known by the name alleged in the indictment.

In *Rivas v. State,* 501 S.W.2d 918 (Tex. Crim.App.1973), the deceased was named in the indictment as "Everado Gaitan." The death certificate showed the deceased's name to be Everardo Gaytan Maldonado. The proof showed that he was a Mexican national, that his mother's surname was "Maldonado"; that his father's surname was "Gaitan" or "Gaytan"; and that the deceased was known by the name alleged in the indictment. The Court of Criminal Appeals held that there was no fatal variance.

Just as in *Ramos* and *Rivas,* the victim here was a Mexican national who included in his name both his parents' last names. The complainant carried the name Eudocio Balderas Rodriguez on his chauffeur's license and signed the complaint in that manner as well.

We find that there is sufficient evidence in the record to show that the complainant was known by the name alleged in the indictment. Appellant's ground of error is overruled.

The judgment of the trial court is AFFIRMED.