**Jimmy Reaf HOLLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–84–0310–CR.**

Court of Appeals of Texas,
Amarillo.

June 26, 1986.

Rehearing Denied July 25, 1986.

V.G. Kolius, Amarillo, for appellant.

Roy Carper, Asst. Dist. Atty., Borger, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

A jury convicted appellant Jimmy Reaf Holley of the offense of murder and assessed his punishment at confinement for 99 years and a $10,000 fine. As appellant contends in his fourth ground of error, the court fundamentally erred in authorizing the jury, in derogation of the statute, to convict him of murder as the consequence of his commission of, or attempt to commit, a misdemeanor offense. Therefore, we will reverse and remand.

The State's theory of prosecution was that appellant committed murder when he caused the death of his infant daughter by scalding her with hot water. Accordingly, the State charged appellant by a two-count indictment with murder as statutorily circumscribed in this language:

(a) A person commits an offense if he:

\*        \*        \*        \*        \*        \*

(2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual; or

(3) commits or attempts to commit a felony, other than voluntary or involuntary manslaughter, and in the course of and in furtherance of the commission or attempt, or in immediate flight from the commission or attempt, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual.

Tex.Penal Code Ann. § 19.02(a)(2) & (3) (Vernon 1974).

The State's evidence showed, indisputably and without contradiction, that on 17 August 1983 appellant immersed his four-month-old daughter, Brandi Nicole Holley, in hot water in the bathtub of his residence; that she was scalded thereby, sustaining second- and third-degree burns over 38% of her body; and that other than the application of an antiseptic, no medical treatment was administered to or sought for her. Causing the infant to come into contact with water that severely scalded her was, in the opinion of the pathologist, an act clearly dangerous to human life and, he further opined, the burns caused a substantial risk of death or permanent disfigurement. The infant died on 19 August 1983 as the direct result of the burns received.

In paragraph IV of its charge, the trial court, following the allegations in the indictment, instructed the jury as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 19th day of August, 1983, in Hutchinson County, Texas, the defendant, JIMMY REAF HOLLEY, did intend to cause serious bodily injury to BRANDI NICOLE HOLLEY by committing an act clearly dangerous to human life, to-wit: scalding BRANDI NICOLE HOLLEY with hot liquid, and did thereby cause the death of BRANDI NICOLE HOLLEY, as alleged in the indictment;

> OR

> if you find from the evidence beyond a reasonable doubt that on or about the 19th day of August, 1983, in Hutchinson County, Texas, the defendant, JIMMY REAF HOLLEY, intentionally or knowingly or recklessly committed or attempted to commit a felony, to-wit: injury to a child, BRANDI NICOLE HOLLEY, and in the course of and furtherance of the commission or attempt, JIMMY REAF HOLLEY intentionally or knowingly or recklessly committed or attempted to commit an act clearly dangerous to human life that caused the death of BRAN-

DI NICOLE HOLLEY, to-wit: scalded BRANDI NICOLE HOLLEY with hot liquid, you will find the defendant, JIMMY REAF HOLLEY, guilty of murder.

> If you do not so find, or if you have a reasonable doubt, you will acquit the defendant of murder.

The jury returned a general verdict reciting that "We, the jury, find the defendant, JIMMY REAF HOLLEY, guilty of the offense of murder as alleged in the indictment."

Although appellant did not object to the second portion of paragraph IV of the charge for authorizing his conviction for the felony offense of murder if he recklessly caused injury to a child, a misdemeanor, he utilizes his fourth ground of error to charge the trial court fundamentally erred in so instructing the jury. Appellant is correct.

■ As previously noted, a person commits the offense of murder if in the course and furtherance of, or in immediate flight from, the commission of, or the attempt to commit, a *felony*, he commits or attempts to commit an act clearly dangerous to human life that causes the death of an individual. Tex.Penal Code Ann. § 19.02(a)(3) (Vernon 1974). As material to the question on appeal, a person commits a felony offense if he intentionally or knowingly engages in conduct that causes bodily injury to a child who is 14 years of age or younger; but, if the person engages in such conduct only recklessly, then the offense is merely a Class A misdemeanor. Tex.Penal Code Ann. §§ 22.04(a)(4), 22.04(c) (Vernon Supp.1986).

Measuring the court's charge by these statutory mandates, it is at once obvious that the jury was erroneously instructed that appellant committed a felony if the jury found that he recklessly injured or attempted to injure a child; whereas, as a matter of law, appellant would be guilty only of a misdemeanor. Section 22.04(c), *supra*. It also is obvious that the jury was erroneously instructed that if in committing or attempting to commit that underly-

ing misdemeanor, appellant committed or attempted to commit an act clearly dangerous to human life that caused the death of the child, then he shall be found guilty of murder; whereas, as a matter of law, the underlying offense committed or attempted necessary to constitute murder must be a felony. Section 19.02(a)(3), *supra.*

Thus, the court's charge authorized a conviction for the offense of murder for the underlying misdemeanor offense of recklessly committing or attempting to commit injury to a child, which is not denounced as murder under section 19.-02(a)(3), *supra.* The result is, under *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App. 1979), that the charge is fundamentally erroneous, even though the same theory is alleged in the indictment. *Id.* at 734–35.

However, since appellant did not object at trial to the charge for this reason and on appeal relies on fundamental error, he may obtain a reversal only if the erroneous charge amounts to egregious harm, *i.e.,* "the error is so egregious and created such harm that he 'has not had a fair and impartial trial'." *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Cr.App.1985). Hence, we must review the entire record to determine whether the error is so severe that it injured appellant's right to the extent that he has not had a fair and impartial trial. *Id.* at 172–74.

■ The record shows that appellant objected to, and assigns as his third ground of error, the court's submission of both the section 19.02(a)(2) and the section 19.-02(a)(3) allegations in the disjunctive in one paragraph, paragraph IV, of the court's charge with only one verdict form applicable thereto. The jury returned the form as their verdict which, as noted, recited: "We the jury, find the defendant, JIMMY REAF HOLLEY, guilty of the offense of murder as alleged in the indictment." Appellant contended in the trial court that if convicted, and he contends here that since he was convicted, he has no way of knowing under which section of the Penal Code he has been convicted.

In regard to his conduct, appellant testified that he ran water in the bathtub, but he did not know how hot it was. When he placed the child in the bathtub, he removed his hands before they touched the water. The child screamed, he pulled her out, and his hands did not get burned, albeit he later said he pulled the child out too fast to notice whether his hands got burned.

Thus, given the way the State structured its prosecution, the state of the evidence containing testimony of reckless conduct, and the erroneous jury charge, we are, as appellant is, unable to determine which theory of criminal responsibility the jury accepted in returning the general verdict of murder. Then, the jury may have rested its verdict, as permitted by the charge, upon appellant's reckless, rather than any intentional or knowing, conduct in causing bodily injury to the child; and, if so, the jury's verdict of murder is based upon the finding of the misdemeanor offense, which cannot serve as the underlying offense necessary to constitute murder.

Since the jury's general verdict of murder may have rested, as the charge permitted, upon the unauthorized theory of felony murder, the conviction cannot be sustained. *Stromberg v. California,* 283 U.S. 359, 367–70, 51 S.Ct. 532, 535–36, 75 L.Ed. 1117 (1931). A fortiori, the charge that authorized the conviction contains, under the *Almanza v. State, supra,* standard of review, fundamental error so egregious that appellant's right to a fair and impartial trial was significantly harmed. Appellant's fourth ground of error is sustained.

The sustention of the ground of error requires a reversal of the judgment and a remand of the cause. As a result, it is unnecessary to further address appellant's third ground of error, or to address his fifth through ninth grounds, which, if sustained, would effect the same disposition. Still, it is appropriate to overrule them since none of them, as postured in relation to this record, presents reversible error.

However, it is necessary to notice the first ground of error which, if sustained, would require a reversal of the judgment

and a dismissal of the prosecution. It also is beneficial to speak to the second ground in the event of further proceedings, albeit its sustention would result only in a remand.

■ With his first ground, appellant merely submits that the evidence produced before the jury at his trial was not sufficient to support the allegations contained in the indictment beyond a reasonable doubt. The submission has no reference to the record, no recitation of the evidence, no argument why the evidence is insufficient, and no citation of authority. As a consequence, nothing is presented by the ground for review. *Campbell v. State,* 480 S.W.2d 391, 394 (Tex.Cr.App.), *cert. denied,* 409 U.S. 1008, 93 S.Ct. 442, 34 L.Ed.2d 301 (1972). Nevertheless, we observed in our consideration of the record on appeal that the evidence, viewed under the standard reiterated in *Jackson v. State,* 672 S.W.2d 801, 803 (Tex.Cr.App.1984), is sufficient for any rational trier of fact to have found the essential elements of murder beyond a reasonable doubt. The first ground is overruled.

Appellant utilizes his second ground of error to contend the court erred in overruling his motions for instructed verdict because the section 19.02(a)(3) felony murder statute is inapplicable to this prosecution. Primary reliance for the contention is upon the holdings of our Court of Criminal Appeals in *Garrett v. State,* 573 S.W.2d 543 (Tex.Cr.App.1978), and in its unpublished opinion in *Aguirre v. State,* No. 62,033 (Tex.Cr.App., July 14, 1982, reh'g granted). As appellant emphasizes, it was pronounced in those cases that the felony murder statute is inapplicable to, and the State does not sustain its transference of intent theory in, situations where the assaultive act which is the very act resulting in the homicide is relied upon as the felony which boosts the homicide into the murder category.

At the outset, it is observed that although appellant complains of the denial of his motions for instructed verdict after the presentment of evidence, his ground is in reality a challenge to the State's theory of prosecution embodied in the indictment. Because no motion to quash the indictment was filed, our disposition of the ground of error is necessarily upon the determination whether the indictment is sufficient in this respect to charge an offense against the law. *American Plant Food Corporation v. State,* 508 S.W.2d 598, 603 (Tex.Cr.App. 1974), *cert. dism'd,* 419 U.S. 1098, 95 S.Ct. 767, 42 L.Ed.2d 795 (1975).

■ The manifestation of the felony murder statute is that an act which is committed in the course and furtherance of, or in immediate flight from, the underlying committed or attempted felony and which is clearly dangerous to human life and causes death, shall constitute murder, and thereby provides for the transference of the mental element establishing criminal responsibility for the original act to the resulting act. *Rodriquez v. State,* 548 S.W.2d 26, 28–29 (Tex.Cr.App.1977). Thus, the felony murder rule dispenses with any inquiry into the *mens rea* accompanying the homicide itself; rather, the underlying felony supplies the necessary culpable mental state. *Garrett v. State, supra,* at 545; *Rodriquez v. State, supra,* at 29.

In *Garrett,* the Court observed that murder is usually the result of some form of assault, and that the application of the felony murder rule to assaultive offenses where the assault and the act resulting in the homicide were one and the same is an attempt to split into unrelated parts an indivisible transaction. As a consequence, the Court held that in such situations a prosecution under the felony murder doctrine is improper. 573 S.W.2d at 546.

Yet, subsequent to its decision in *Garrett,* the Court held in *Ex parte Easter,* 615 S.W.2d 719, 720–21 (Tex.Cr.App.), *cert. denied,* 454 U.S. 943, 102 S.Ct. 481, 70 L.Ed.2d 252 (1981), that the offense of injury to a child, not being a lesser included offense of murder, does not "merge" with the murder in preclusion of the application of the felony murder doctrine. Correlatively, the Court determined that the allegation of injury to a child, the underlying felony,

supplied the necessary culpable mental state for the murder alleged. *Id.* at 721. In harmony with this holding, the appellate courts have continued to disallow challenges similar to appellant's to the indictments in prosecutions maintained under the felony murder statute in analogous cases. *See, e.g., Lugo-Lugo v. State,* 650 S.W.2d 72, 79–80 (Tex.Cr.App.1983); *Berghahn v. State,* 696 S.W.2d 943, 946–49 (Tex.App.— Fort Worth 1985, pet. ref'd).

And, in this connection, if the unpublished opinion in *Aguirre v. State, supra,* which addressed a prosecution under the felony murder statute where the underlying felony allegedly committed was criminal mischief, can be said to be supportive of appellant's contention, it is of no moment. An unpublished opinion of the Court of Criminal Appeals is neither deemed to be, nor cited as, precedent. Tex.Cr.App.R. 308(b). We conclude, therefore, that the felony murder statute was properly cognizable as a theory of prosecution in this case, and that the trial court did not err in overruling the motions for instructed verdict. Appellant's second ground is overruled.

For the reason expressed, the judgment is reversed and the cause is remanded.