**David Allen RUTH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 49706.**

Court of Criminal Appeals of Texas.

May 7, 1975.

Rehearing Denied May 28, 1975.

Percy Foreman & Dick DeGuerin, Houston, On appeal only, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough & Jim Ezer, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The appellant was convicted of murder; punishment was assessed at fifteen years.

Several grounds of error are raised pertaining to placing the appellant's juvenile offenses before the jury. The record is replete with questions by the prosecutor both stating and eliciting the specific nature of offenses allegedly committed by the appellant as a juvenile and the arrests and dispositions in those cases.

At the guilt-innocence stage of the trial, the prosecutor elicited testimony that the appellant had been charged as a juvenile at

age 14 with assault on a police officer.[1] The evidence of malice and intent to kill was extremely weak. The obvious string of inferences he sought to draw from the introduction of this evidence was that since the appellant had been charged with assault on a police officer, he was a violent person, and therefore probably shot the deceased with malice aforethought.

At the punishment stage the prosecutor continued discussing juvenile offenses and dispositions. Appellant took the stand and testified essentially that he had never been convicted of a felony and would abide by the terms of probation, if granted . him. The cross-examination by the State began as follows:

"Q. Let me ask you this, David, you have been given at least five probations so to speak, have you not?

"A. No sir, that is not true."

The prosecutor then elicited admissions by the appellant of at least three juvenile arrests for specific crimes. It was established that the appellant had been arrested for aggravated assault on a police officer and being drunk, for "failure to move on," and for possession of narcotics.[2]

In Rivas v. State, Tex.Cr.App., 501 S. W.2d 918, we held that a witness' juvenile delinquency record may not be used to impeach him. Dispositions under proceedings against juveniles are never convictions for crime. Article 51.13(a), V.T.C.A. Family Code. This Court said in *Rivas*, supra, at p. 919, "An adjudication of juvenile delinquency may be based upon proof of acts which would constitute felonies or misdemeanors involving moral turpitude if committed by an adult, but such an adjudication does not constitute conviction for a felony or a misdemeanor involving moral turpitude."

Article 51.13(b) of the Family Code provides:

"The adjudication or disposition of a child or evidence adduced in a hearing under this title may be used only in subsequent proceedings under this title in which the child is a party or in subsequent sentencing proceedings in criminal court against the child to the extent per-

---

1. Among the questions asked of appellant's father on cross-examination were these:

"Has your son ever done this [referring to the offense charged] before to anyone, sir? . . . He has never threatened anyone with a gun before? . . . To your knowledge? . . . With a gun, now . . . Has he ever made an assault upon anyone with a gun? . . . Or attempted to make an assault? . . . How about a police officer? . . . To your knowledge, he has never assaulted a police officer. Is that what you are telling us? . . . With a gun? . . . Let's don't play on words, Mr. Ruth. An assault. We have talked about the gun and talked about an assault. Let's don't play on words. . . . Is that the only assault he made on an officer? . . . It's your testimony he never made another assault on an officer and attempted to take the shotgun away from him? . . . Let's don't play on words, Mr. Ruth. Is it not true that you did know that he made an assault or attempted to make an assault? . . . Directing your attention back to the time you said he was arrested for being drunk. Was he not charged, sir, with the offense of aggravated assault on a police officer and for drunk also?"

2. Among the questions asked appellant on cross-examination were these:

"Is it not true you were arrested for the offense of malicious mischief and released to your parents? [The record reflects that appellant was 6 years old at the time of this incident.] . . . Do you recall, then, or were you too young, or do you remember when you were arrested for the offense of aggravated assault on a police officer and being drunk? . . . Do you recall or remember the offense of being arrested for failure to move and were released to your parents? . . . Well, how many times has your father had to go down and get you, David, or are there so many you don't remember them all? . . . Do you remember a time you were arrested for possession of narcotics and released to your parents? . . . Do you remember the time you were arrested on traffic and released to your parents again? . . . You don't recall being arrested on that time and released back on February 19th, 1972? . . . Then you remember at least three, is that correct?"

mitted by the Texas Code of Criminal Procedure, 1965."

With regard to the predecessor [3] of Article 51.13, supra, this Court stated that the terms of the article were "intended to protect the accused from the odium and stigma attached to any act of youthful indiscretion which had eventuated in a prosecution." Smith v. State, 113 Tex.Cr.R. 124, 18 S.W.2d 1070.

The prosecutor's presentation of the appellant's juvenile offenses and the dispositions of those cases to the jury was serious error designed to prejudice the jury and to deny appellant a fair and impartial trial. Although there were not proper objections in some instances, this egregious action by the prosecutor was highly inflammatory and calculated to prejudice the defendant.

"Our Bill of Rights, Art. I, § 10, Texas Const., guarantees to every person a fair and impartial trial. This guarantee is one of the fundamentals upon which rests the perpetuity of this government. It is the duty of the courts to preserve and to maintain that right, and this regardless of how heinous or revolting the crime committed may be.

\* \* \* \* \* \*

"If there exists in the mind of this court any doubt as to the fairness or impartiality of the trial, it becomes our duty to award a new trial. Without singularizing any one particular fact, but considering all the facts and circumstances shown by this record, there does exist that doubt." Judge Davidson writing for this Court in Williams v. State, 145 Tex.Cr.R. 536, 170 S.W.2d 482, 489 (1943).

We think it clear from the record that the repeated improper questions of the prosecutor denied appellant a fair trial.

The judgment is reversed and the cause remanded.

DOUGLAS, J., concurs in the result.

MORRISON, Judge (concurring).

I join in the reversal of this conviction because of the intolerable conduct of the prosecutor. Such conduct as this record reveals would never have occurred had the appellant's counsel been alert and diligent. When we are confronted with such a case, we should not hesitate to reverse on the grounds of inadequate representation by counsel. The failure to make the proper objection to clearly inadmissible evidence relating to juvenile convictions approximately 64 times during one trial could not be construed as trial strategy. Ex parte Gallegos, Tex.Cr.App., 511 S.W.2d 510; Fitzgerald v. Estelle, 505 F.2d 1334 (5th Cir. 1975).

---

3. Article 1692, C.C.P. (1925) which became Article 2338-1, Section 13(d)(e), V.A.C.S.