Ivory Lee FREEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 60950.

Court of Criminal Appeals of Texas,
Panel No. 3.

June 3, 1981.

Rehearing Denied July 15, 1981.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry M. Wade, Dist. Atty., Stanley Keeton, Bob Whaley and Mary Ludwick, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before ODOM, W. C. DAVIS and McCORMICK, JJ.

OPINION

ODOM, Judge.

This is an appeal from a conviction for aggravated rape. Punishment was assessed at life imprisonment.

Appellant contends that the trial court erred in submitting to the jury a charge which authorized conviction on a theory not alleged in the indictment. The pertinent part of the indictment alleged that appellant did:

"knowingly and intentionally have sexual intercourse with Anna Robbins, hereinafter called complainant, a female not his wife, without the consent of the complainant, *by means of force and threats,* and the said Ivory Lee Freeman did then and there knowingly and intentionally compel said complainant to submit to such act of sexual intercourse by threat of serious bodily injury to be imminently inflicted on the complainant, ..." (Emphasis added.)

The jury charge, in its application of the law to the facts, omitted the phrase "by means of force and threats." This part of the charge stated:

"Now if you find from the evidence beyond a reasonable doubt that on or about the 20th day of August, 1977, in Dallas, County, Texas, the defendant, Ivory Lee Freeman, did then and there, knowingly or intentionally have sexual intercourse with Anna Robbins, a female not his wife, without the consent of said Anna Robbins, and that the defendant did knowingly or intentionally compel the said Anna Robbins to submit to the said act of sexual intercourse by *threatening serious bodily injury to be imminently inflicted on the said Anna Robbins*, then you will find the defendant guilty as charged in the indictment." (Emphasis added.)

It is argued that the omission of the phrase "by means of force and threats" constituted fundamental error.

We must reject this contention. That portion of the charge which applied the law to the facts required the jury to find each essential element of the offense alleged in the indictment.

The requirement that the jury find appellant "threaten[ed] serious bodily injury to be imminently inflicted" on the victim was sufficient to constitute inclusion of the element. In *Thomas v. State*, 605 S.W.2d 290, 294 (Tex.Cr.App.), it was held that substitution of language that is equivalent to the theory alleged in the indictment does not present fundamental error. In this case the emphasized portion of the charge was both an essential element of the *aggravated* character of the rape, V.T.C.A., Penal Code Sec. 21.03(a)(2), and necessarily included the element of unlawful threat constituting rape under V.T.C.A., Penal Code Sec. 21.-02(b)(2). The ground of error is overruled.

Appellant also contends that the complainant's in-court identification of him was unduly suggestive and fundamentally unfair since it was tainted by pre-trial identification procedures. We do not reach this issue since our review of the record reveals that the photographs used in the pre-trial photographic array are not included in the record, even though the photographs were presented in court at the hearing. The testimony adduced at the pre-trial hearing is not such that it alone establishes suggestiveness without an examination of the array. Since the record is incomplete in this regard, nothing is presented for review. See *Rivera v. State*, 581 S.W.2d 161, 163 (Tex.Cr.App.), *Paige v. State*, 573 S.W.2d 16, 18 (Tex.Cr.App.).

In two grounds of error appellant attacks the admission of two photographs of the scene of the instant offense. We likewise overrule these contentions. A verbal description of the scene was properly admissible. The photographs accurately depicted the scene of the crime. The fact that blood is depicted in the photos does not render them so prejudicial as to outweigh their probative value. See *Martin v. State*, 475 S.W.2d 265 (Tex.Cr.App.).

In his final ground of error appellant contends that the warnings given him prior to the interrogation which led to his written statement were incomplete and in violation of Art. 38.22, V.A.C.C.P. Appellant supports this contention by referring us to the testimony of the interrogating officer which tends to establish that the officer told the appellant that any statement which he might give could be used *for* or against him. The record reflects, however, that this officer later testified that this statement was erroneous and made as a result of misunderstanding the question which elicited that response. He testified that he warned appellant of his rights by reading from a standard form and that this form did not include a statement indicating that any statement given by the appellant could be used for him.

The trial court is, in such a situation, the trier of fact. He was authorized to resolve conflicts in the testimony so as to resolve disputed issues of fact. See *Barton v. State*, 605 S.W.2d 605 (Tex.Cr.App.). His conclusion that the appellant was properly warned of his rights is supported by the record.

Appellant's grounds of error are overruled and the judgment is affirmed.