**Errol Ralph SIMMONS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 60819, 60820.**

Court of Criminal Appeals of Texas, Panel 2.

Oct. 28, 1981.

On Rehearing March 17, 1982.

Donald W. Rogers, Jr., Houston, Court-appointed on appeal, for appellant.

Carol S. Vance, former Dist. Atty.; John B. Holmes, Jr., Dist. Atty., Winston E. Cochran, Jr., Calvin A. Hartmann and Gerard Guerinot, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and TOM G. DAVIS and CLINTON, JJ.

## OPINION

CLINTON, Judge.

Before us are two appeals from convictions for attempted capital murder obtained in a single trial proceeding before a jury. The punishment assessed in each case is 60 years confinement.

The evidence adduced reflects that appellant successively stabbed two Houston police officers as they attempted to persuade him to leave Goofy's Game Room where the officers were working security at approximately 3:20 a. m. on November 20, 1977. The sufficiency of the evidence is not challenged.

Initially, we confront a matter which must be addressed in the interest of justice. See Article 40.09(13), V.A.C.C.P. The record in Cause No. 60,819 reveals the filing of an indictment against appellant for the attempted capital murder of Officer Glen E. Hutto, on December 5, 1977. However, the

record before us in Cause No. 60,820 [1] reflects only a felony information, filed on July 1, 1978, alleging appellant attempted to murder Officer Karl P. Hibchen. Further, a search of the record in this latter cause has not produced a written waiver of indictment personally executed by appellant; neither is there indicia from any other source that appellant, in open court, orally waived his right to be charged with a felony offense by statement of a grand jury in the form of an indictment.

This being the case, the information on which the prosecution was based in Cause No. 60,820, is a nullity. See Article 1.141, V.A.C.C.P.; *Lackey v. State*, 574 S.W.2d 97 (Tex.Cr.App.1978); and *King v. State*, 473 S.W.2d 43 (Tex.Cr.App.1971). Absent the filing of an indictment or a valid felony information, the trial court had no jurisdiction over the person of the accused in Cause No. 60,820. *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980). Thus, the trial court was without jurisdiction to try appellant in that cause and the judgment of conviction is void. *Id.*

Accordingly, the judgment of conviction in trial court Cause No. 282,611 (our Cause No. 60,820) will be set aside.

By his first ground of error in Cause No. 60,819 appellant contends that the trial court committed fundamental error by consolidating this cause with Cause No. 60,820 for trial in a single proceeding. This contention is bottomed on the fact that there exists no statutory authority for such a consolidation in view of the rules governing consolidation and joinder of prosecutions set forth in V.T.C.A. Penal Code, § 3.01, *et seq.*

■ Appellant argues that the two indictments [2] were not subject to consolidation for two reasons: (1) the offense of attempt is proscribed in Title 4 of the Penal Code, and thus not subject to the application of § 3.02, supra, for the reason that it

---

1. Trial court Cause No. 282,611.

2. Appellant has overlooked the fact that one prosecution was based upon a void information and for purposes of treating this ground of error, so shall we.

is not defined in Title 7 of the Penal Code,[3] and (2) even if the attempt offenses alleged had been subject to consolidation, the State's failure to comply with the notice provision of § 3.02(b),[4] supra, made the consolidation provision of § 3.02(a) inapplicable.

While we agree with appellant's argument that there exists no authority whatever for the consolidation of two attempt accusations, see *Caughorn v. State*, 549 S.W.2d 196 (Tex.Cr.App.1977), we note that appellant makes no suggestion that the consolidation somehow deprived the district court of *jurisdiction* of the causes. See *Garcia v. Dial*, supra. Further, the record reflects no objection made to this procedure; neither did appellant move for a severance of the causes. Under V.T.C.A. Penal Code, § 3.04(a), the accused has an unqualified right to a severance should he assert it. *Waythe v. State*, 533 S.W.2d 802 (Tex.Cr.App.1976). And we note that in the instant cases there might well have been important defensive tactical reasons for having the causes tried together. Thus, we are constrained to hold that nothing is presented for review. See *Watson v. State*, 488 S.W.2d 816 (Tex.Cr.App.1972); and *Jones v. State*, 480 S.W.2d 623 (Tex.Cr.App. 1972).

Appellant's first ground of error is overruled.

█ In his second ground of error, appellant contends that the trial court committed reversible error by allowing Michael Simon, a jail inmate, to testify upon rebuttal, to conversations had with appellant while both were in police custody, in violation of Article 38.22, V.A.C.C.P. Specifically, appellate counsel points to the fact that Simon attributed to appellant an admission that the latter had gone to Goofy's Game Room on the night of the offense to sell drugs. Counsel argues that this admission of an extraneous offense was so "obviously inadmissible" that the offer of it by the State amounted to prosecutorial misconduct which deprived appellant of a fair trial, and required intercession by the trial court, citing *Ruth v. State*, 522 S.W.2d 517 (Tex.Cr. App.1975).

It is true that this Court has steadfastly interpreted Article 38.22, supra, and its predecessors to prohibit, as a matter of State statutory law, the admission of statements (whether confessions or not) such as the one attributed to appellant here, whether offered on direct or in rebuttal to a defendant's testimony. See *Butler v. State*, 493 S.W.2d 190 (Tex.Cr.App.1973); see also 10 Texas Tech.L.Rev. 67 (1978). However, in the instant case, appellant did not object whatever to any part of Simon's testimony.

█ Furthermore, we believe appellant's reliance on *Ruth*, supra, is misplaced. In that case, the evidence of malice and intent to kill was characterized as "extremely weak" and the prosecutor sought, by use of the accused's inadmissible juvenile record, to portray him as a violent person upon his cross examination. Even there, the defense voiced some objections to the prosecutor's conduct. We cannot agree that the prosecutor's calling Simon to the stand in rebuttal in the instant case was so calculated to prejudice appellant's right to a fair trial that a duty devolved upon the trial court to interrupt the proceedings in spite of appellant's apparent acquiescence. See *Zillender v. State*, 557 S.W.2d 515 (Tex.Cr.App.1977).

Appellant's second ground of error is overruled.

By his third ground of error, appellant asserts that he was denied the effective assistance of counsel during the trial of the

---

3. V.T.C.A. Penal Code, § 3.02, provides for prosecution in a single proceeding, all offenses arising out of the same "criminal episode." V.T.C.A. Penal Code, § 3.01, provides:

"In this chapter, 'criminal episode' means the repeated commission of any one offense defined in *Title 7 of this code (Offenses Against Property)*." [All emphasis is sup-

plied throughout by the writer of this opinion unless otherwise indicated.]

4. Section 3.02(b) provides:

"When a single criminal action is based on more than one charging instrument within the jurisdiction of the trial court, *the State shall file written notice of the action not less than 30 days prior to the trial.*"

instant cause. Specifically, appellant points to the failure of counsel to object to the testimony of Michael Simon, treated in the preceding ground of error, and to the fact that, though counsel attempted to raise the defense of insanity at the time of the offense, he failed to do so through the testimony of Dr. Duard Bok, the defense's expert psychiatric witness.

■ We first observe the law is settled that the adequacy of an attorney's services must be gauged by the totality of the representation, *Taylor v. State*, 610 S.W.2d 471 (Tex.Cr.App.1980); *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.1980), *Flores v. State*, 576 S.W.2d 632 (Tex.Cr.App.1978) and not by isolated momentary lapses. *Taylor*, supra.

■ Our reading of the psychiatric testimony presented by defense counsel is quite different from that of counsel on appeal. Not only was the legal issue of insanity at the time of the offense raised, but it was given to the jury in the court's charge pursuant to defense counsel's timely request. We have examined the entire record before us and find that defense counsel cross examined the State's witnesses, voiced appropriate objections and presented, in addition to appellant, two other witnesses for the defense. The record further reflects defense counsel filed motions for probation on appellant's behalf, had that issue submitted to the jury at punishment and secured a mistrial as a result of a "hung jury" at the first trial of these cases.

In short, we do not believe counsel's failure to object to the rebuttal testimony of Michael Simon, by itself, rendered appellant's assistance ineffective. See and compare *Archie v. State*, 615 S.W.2d 762 (Tex. Cr.App.1981); *Taylor*, supra; and *Howell v. State*, 563 S.W.2d 933 (Tex.Cr.App.1978).

This third ground of error is overruled.

Appellant's fourth ground of error asserts that due to the fact that the trial judge failed to separately pronounce the sentences in these cases, the sentences are void and concomitantly, this Court has no jurisdiction of the appeals. The record, however, does not bear out this contention.[5] Furthermore, the trial court entered separate written sentences of 60 years in each cause and each is contained under separate cover in two distinct appellate records.

This fourth ground of error is without merit.

The judgment of conviction in Cause No. 60,819 is affirmed. The judgment in Cause No. 60,820 is set aside, and the information underlying it is dismissed.

It is so ordered.

Before the Court en banc.

## OPINION ON MOTIONS FOR REHEARING

CLINTON, Judge.

■ On original submission a Court panel set aside the judgment of conviction in our Cause No. 60,820 because the record did not contain a written waiver of indictment personally executed by appellant nor any other indicia that he has waived his basic right to be charged with a felony offense by presentment of indictment from a grand jury. That omission, which appellant concedes was "due primarily to clerical error," has now been supplied by a supplemental transcript showing a properly executed waiver, so we grant the State's motion for rehearing.

These consolidated causes present common grounds of error which, we find, were correctly decided on original submission in Cause No. 60,819. Appellant's motions for rehearing are, accordingly, overruled.

---

5. At the formal hearing for pronouncement of the sentences, the trial judge stated:

"... [I]t is the order of this Court that you, Errol Ralph Simmons, who has [sic] been adjudged to be guilty of the offense of attempted capital murder of a peace officer, a felony, *in Cause No. 282,611, and the same*

*charge in Cause No. 272,979, and whose punishment in each case has been assessed by a jury at 60 years' confinement* in the Texas Department of Corrections... where you shall be confined... for a term of not less than 5 nor more than 60 years...."

Having granted the State's motion for rehearing, we now affirm the judgment of conviction in Cause No. 60,820.