Juan VASQUEZ, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–173–CR.

(No. 2174cr).

Court of Appeals of Texas,
Corpus Christi.

April 8, 1982.

Discretionary Review Refused
June 23, 1982.

Patrick McGuire, John J. Pichinson, Corpus Christi, for appellant.

Wm. B. Mobley, Jr., Dist. Atty., Corpus Christi, for appellee.

Before NYE, C. J., and UTTER and KENNEDY, JJ.

## OPINION

KENNEDY, Justice.

This appeal is taken from a conviction for aggravated assault; the sentence imposed, five years. It was appellant's second trial for the offense charged, the first having ended in a mistrial. We affirm.

In his first ground of error appellant complains of the trial court's overruling of his motion for new trial citing as grounds therefor a series of questions asked the appellant by the prosecutor, claiming that such constituted prejudicial conduct designed to inflame the minds of the jurors. The complained of exchange, having to do with appellant's first trial, was as follows:

"Q: All right. You said that other jury that tried you had a hung jury, right?

A: Yes, sir.

Q: How was it hung?

A: How was it . . .

Q: Ten for guilty and one for not guilty, isn't that true?

A: I was very lucky.

Q: You sure were.

A: Yes, sir, there was somebody that believed in me, had a reasonable doubt that I was telling the truth.

Q: Somebody didn't . . .

A: That's all it takes, one, doesn't it?

Q: Somebody didn't understand the law.

A: I don't know. I don't know that person. Maybe you do."

No objection was made by appellant. The rule, of course, is that absent timely objection, no error is preserved for review. *Henderson v. State,* 617 S.W.2d 697, 698 (Tex. Cr.App.1981); *Sanchez v. State,* 589 S.W.2d 422, 424 (Tex.Cr.App.1979). It is appellant's contention, however, that the above quoted colloquy constituted "plain error" warranting reversal even without objection. See, e.g., *U. S. v. Bates,* 600 F.2d 505 (5th Cir. 1979); *U. S. v. Bates,* 512 F.2d 56 (5th Cir. 1975). Our Court of Criminal Appeals recognizes the "plain error" doctrine. In *Ruth v. State,* 522 S.W.2d 517 (Tex.Cr.App. 1975) that Court, in reversing, held:

"The prosecutor's presentation of the appellant's juvenile offenses and the dispositions of those cases to the jury was serious error designed to prejudice the jury and to deny appellant a fair and impartial trial. Although there was no proper objections in some instances, this egregious action by the prosecutor was highly inflammatory and calculated to prejudice the defendant." 522 S.W.2d at 519.

In *Ruth,* however, "clearly inadmissible evidence" was heard by the jury without objection 64 times. One justice indicated that the court's reversal should be predicated upon ineffective assistance of counsel. *Id.* (Morrison, J., concurring). Additionally, the court noted in that case that the evidence of malice and intent to kill "was extremely weak." *Id.* at 518.

*Ruth*, we believe, represents an extreme not found in the facts of the instant case. A case more akin to the one at bar is *Simmons v. State*, 629 S.W.2d 38 (Tex.Cr. App.1981). As in *Simmons*, we "cannot agree that the prosecutor's [questioning] . . . in the instant case was so calculated to prejudice appellant's right to a fair trial that a duty devolved upon the trial court to interrupt the proceedings in spite of appellant's apparent acquiescence." Id. at 40. Appellant's first ground of error is overruled.

■ Appellant, in his second ground of error, raises the issue of the ineffectiveness of the assistance provided by his retained attorney at trial. As examples thereof, appellant cites his attorney's failure to object to the exchange discussed under ground of error number one, failure to object to an allusion made by a witness to an extraneous offense, and failure to request an instruction to disregard and a mistrial after having made an objection to a question concerning whether appellant was known to carry a gun which was sustained.

■ Texas has adopted the "reasonably effective" assistance of counsel standard for both appointed and retained counsel. *Hurley v. State*, 606 S.W.2d 887 (Tex.Cr.App. 1980). The services rendered the accused are to be judged by the totality of the representation, and challenges will be sustained only if firmly founded. *Callaway v. State*, 594 S.W.2d 440, 444 (Tex.Cr.App. 1980); *Cude v. State*, 588 S.W.2d 895, 896 (Tex.Cr.App.1979). Of course, the determination must be made on a case by case basis.

In *Cude*, supra, "there was not a single objection to the numerous and repeated showings of extraneous offenses during the lengthy cross-examination of [one witness] and of direct examination of [another]." 588 S.W.2d at 897. The Court held that these failures served to deprive the accused of his right to a fair trial. In *Callaway*, supra, the accused's court appointed attorney on several occasions requested appointment of another attorney more experienced in criminal matters to assist him. Even though the State joined in his recommendation, it was refused by the trial court. In reviewing the record, the Court of Criminal Appeals noted only three objections to numerous instances of highly prejudicial testimony and unresponsive answers, including testimony given on cross-examination, and only one objection to many prejudicial comments made by the State in closing arguments. Again, the assistance provided was found to be ineffective. And in *Ruth v. State*, supra, as previously noted, there were sixty-four instances where improper evidence was received without objection. *Ruth*, of course, represents "the high water mark of an extreme situation. . . ." *Cude*, supra, at 898.

■ In our criminal justice system an individual is entitled to a fair but not a perfect trial. *Ewing v. State*, 549 S.W.2d 392, 395 (Tex.Cr.App.1977). Isolated failures to object to certain procedural mistakes or the admission of improper evidence do not necessarily render counsel ineffective. Id.; *Callaway*, supra, 594 S.W.2d at 444. Having reviewed the entire record, we find appellant's contention to be without merit and overrule his second ground of error.

In his final ground of error appellant complains of alleged jury misconduct occurring during their deliberations at the punishment phase of the trial. Specifically, appellant asserts that the mentioning of the parole law by two jurors constituted the receipt of other evidence that was prejudicial to him.

■ Discussion of the parole law is always misconduct. *Sanders v. State*, 580 S.W.2d 349, 352 (Tex.Cr.App.1979). Whether the misconduct is of the kind that calls for reversal of the case must be determined upon the facts of the individual case. *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr.App. 1975).

■ Article 40.03, CCP, provides in part:

New trials, in cases of felony, shall be granted for the following causes, and for no other:

7. Where the jury, after having retired to deliberate upon a case, has received other testimony;

8. Where, from the misconduct of the jury, the court is of opinion that the defendant has not received a fair and impartial trial.

In *Heredia v. State*, 528 S.W.2d at page 852, it was held that discussion or mention of the parole law might fall under either of these causes for new trial depending on the circumstances. A conviction will not be set aside under either of these categories unless the court may fairly and reasonably see and determine, in the light of all the circumstances, surrounding the misconduct, and in light of the whole record, *Adams v. State*, 481 S.W.2d 884 (Tex.Cr.App.1972) that references to or discussion of the parole law did or might probably have prejudiced the appellant's case. *Grizzell v. State*, 164 Tex. Cr.R. 362, 298 S.W.2d 816 (1957); *Reyes v. State*, 55 Tex.Cr.R. 422, 117 S.W. 152 (1909). The determination will be made without reference to the testimony of individual jurors as to how the misconduct may have affected his verdict as such testimony would constitute an impermissible impeachment of that verdict. *Eckert v. State*, 623 S.W.2d 359, 365 (Tex.Cr.App.1981); *Adams v. State*, 481 S.W.2d 884 (Tex.Cr.App.1972); *Gonzales v. State*, 398 S.W.2d 132 (Tex.Cr. App.1966); *Stokes v. State*, 165 Tex.Cr.R. 269, 305 S.W.2d 779 (1957); *McCoy v. State*, 113 Tex.Cr.R. 302, 21 S.W.2d 516 (1929).

■ Some of the factors which this Court might take into consideration in determining whether misconduct occurring during the punishment stage deliberations did or might have prejudiced the appellant's case are (a) the number of statements made; (b) the content of each statement; (c) whether the statements were mere references to common knowledge [1]; (d) whether the statement tended to be favorable rather than harmful [2]; (e) whether the statements were made as assertions of fact by the one professing to know the law [3]; (f) whether the statement was expressed as a conjecture or as an assertion of fact [4]; (g) whether the statements were correct or incorrect statements of law [5]; (h) whether the statement or statements were discussed by the jury; (i) the duration and extent of the discussion [6]; (j) whether there were admonishments from the foreman, the court, or any juror not to consider the statements [7]; (k) whether in this regard there was a specific charge by the court not to consider such matters; (*l*) whether the discussion ceased after such admonishments [8]; (m) duration of the deliberations [9]; (n) proximity of the discussion to the final vote [10]; (*o*) radical vote changes; (p) difficulty of the jury in reaching a verdict; and (q) the severity of the punishment in context of the facts and circumstances surrounding the offense.[11]

■ Issues of fact as to jury misconduct raised at a hearing on motion for new trial

1. *Taylor v. State*, 420 S.W.2d 601 (Tex.Cr.App. 1967).

2. *Jones v. State*, 596 S.W.2d 134 (Tex.Cr.App. 1980); *Roberson v. State*, 160 Tex.Cr.R. 381, 271 S.W.2d 663 (1954).

3. *Jones v. State*, 462 S.W.2d 578 (Tex.Cr.App. 1971).

4. *Brewer v. State*, 500 S.W.2d 509 (Tex.Cr.App. 1973).

5. *Jones v. State*, 462 S.W.2d 578 (Tex.Cr.App. 1971); *Johnson v. State*, 418 S.W.2d 834 (Tex. Cr.App.1967).

6. *Sanders v. State*, 580 S.W.2d 349 (Tex.Cr. App.1979); *Edwards v. State*, 427 S.W.2d 629 (Tex.Cr.App.1968).

7. *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr. App.1975); *De La Rosa v. State*, 167 Tex.Cr.R. 28, 317 S.W.2d 544 (1958).

8. *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr. App.1975); *De La Rosa v. State*, 167 Tex.Cr.R. 28, 317 S.W.2d 544 (1958).

9. *Scrivnor v. State*, 121 Tex.Cr.R. 565, 50 S.W.2d 329 (1932).

10. *Heredia v. State*, 528 S.W.2d 847 (Tex.Cr. App.1975); *De La Rosa v. State*, 167 Tex.Cr.R. 28, 317 S.W.2d 544 (1958).

11. *Scrivnor v. State*, 121 Tex.Cr.R. 565, 50 S.W.2d 329 (1932).

are for the determination of the trial court. *Carrillo v. State,* 566 S.W.2d 902, 913 (Tex. Cr.App.1978). A clear statement of the effect of the trial court's findings from such a hearing is found in *Scrivnor v. State,* 121 Tex.Cr.R. 565, 50 S.W.2d 329 (1932). There it was stated:

"Where the alleged misconduct was made the subject of diligent investigation by and under the direction of the trial judge and settled in behalf of the State upon conflicting evidence, the decision of the judge will be given as much consideration on appeal as would be given to the verdict of a jury on any other question of fact, and if there is sufficient evidence to justify the action of the trial judge his decision thereon will not be disturbed on appeal unless clearly wrong."

See also: *Eckert v. State,* 623 S.W.2d 359, 365 (Tex.Cr.App.1981); *Sanders v. State,* 580 S.W.2d 349, 351 (Tex.Cr.App.1979); *Sweed v. State,* 538 S.W.2d 119, 121 (fn 5) (Tex.Cr.App.1976); *Appleman v. State,* 531 S.W.2d 806, 810 (Tex.Cr.App.1976).

At the motion for new trial hearing the trial court received the testimony of eleven jurors, ten by way of live testimony and one by way of affidavit. From the testimony of these jurors it is undisputed that during deliberations on punishment one juror made a statement wherein he speculated about how much time the appellant would probably have to serve if he received a five year sentence and if he received a two year sentence. It is also undisputed that at one point in the deliberations another juror made a statement to the effect that a relative of hers had gone to prison, that he had been released on parole, that she felt he had not learned his lesson, and that he needed to have been there longer.

The statements, after being made, were not repeated or pursued by the maker. The statement concerning the relative was not heard by all the jurors. Neither statement became the basis for a general discussion about the parole law. There is no evidence that the statements were referred to by any juror in an effort to persuade any other juror to change his vote concerning punish-

ment. The statements were not assertions of fact concerning the operation of the parole law, but were merely opinions or speculations, casually made, about its operation. The makers of the statements did not profess to know the parole law. There was only one vote on punishment. There is no indication of radical vote changes during the deliberations or that the jury had difficulty in reaching its verdict. The severity of the punishment is compatible with the facts and circumstances surrounding the offense.

Under these circumstances, we hold that the statements concerning parole did not cause appellant to receive a greater punishment than he would have received had the statements not been made. We further hold that the misconduct did not, under these circumstances cause the trial to be unfair or impartial. Appellant's third ground of error is overruled, and the conviction is AFFIRMED.