Victoriano SEGUNDO, Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–296–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 15, 1983.

Richard E. Langlois, San Antonio, for appellant.

James Bruner, San Antonio, for appellee.

Before UTTER, BISSETT, and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a conviction for aggravated rape for which appellant was assessed punishment of fifty-five years in the Texas Department of Corrections. The issues presented are: (1) whether appellant was denied the effective assistance of counsel and was denied a fair and impartial jury trial; (2) whether the trial court's charge to the jury was fundamentally defective; and, (3) whether the trial court erred in admitting into evidence certain hearsay testimony. We affirm the judgment of the trial court.

In his first and second grounds of error, appellant asserts that he was denied the effective assistance of counsel and was denied a fair and impartial jury trial. In his brief, appellant cites numerous specific instances where trial counsel allegedly rendered ineffective assistance of counsel,

thereby denying appellant a fair trial. The adequacy of an attorney's services must be gauged by the "totality of the representation"; therefore, we decline to take up each instance of ineffective assistance of counsel alleged in appellant's brief. *Harrison v. State,* 552 S.W.2d 151 (Tex.Cr.App.1977). Texas has adopted the "reasonably effective" assistance of counsel standard for both appointed and retained counsel. *Hurley v. State,* 606 S.W.2d 887 (Tex.Cr.App. 1980). In *Cude v. State,* 588 S.W.2d 895 (Tex.Cr.App.1979), the Texas Court of Criminal Appeals recently set out the rules for evaluating a claim for ineffective assistance of counsel:

> The right to effective assistance of counsel means counsel reasonably likely to render and rendering reasonable effective assistance of counsel. *Butler v. State,* Tex.Cr.App., 499 S.W.2d 136. Counsel's services are to be judged by the totality of the representation, and challenges will be sustained only if firmly founded. *Ex parte Prior,* Tex.Cr.App., 540 S.W.2d 723, 727, and cases cited there. On the other hand, if from the entire record it is apparent that the defendant did not receive effective assistance of counsel, this Court will have no hesitancy to so hold. *Rodriguez v. State,* Tex.Cr.App. 340 S.W.2d 61. This Court has even reviewed the issue sua sponte, *Vessels v. State,* Tex.Cr.App., 432 S.W.2d 108, 115 (on motion for rehearing).

■ In our criminal justice system, an individual is entitled to a fair and not a perfect trial. *Ewing v. State,* 549 S.W.2d 392 (Tex.Cr.App.1977); *Vasquez v. State,* 632 S.W.2d 180 (Tex.App.—Corpus Christi 1982, review ref'd.). Isolated failures to object to certain procedural mistakes or the admission of improper evidence do not necessarily render counsel ineffective. *Ewing* at 395; *Vasquez* at 182. The appellant did not testify in his own behalf. He was unable to present any alibi witnesses. The identifications of appellant by the complainant and her brothers were clear and concise. The proof of appellant's guilt was overwhelming. His trial attorney was not in an enviable situation, and, from the record, it appears that he afforded appellant effective assistance of counsel as was possible under these circumstances.

■ In *Cude,* it was observed that the two claims of denial of a fair trial and denial of effective assistance of counsels sometimes "may be characterized as complements to one another reflecting opposites sides of the same coin." In the instant case appellant has chosen to argue the same two claims as reflecting as "opposite sides of the same coin," and we consider them so. Having reviewed the entire record, we find appellant's contentions to be without merit and overrule his first and second grounds of error.

In his third, fourth, fifth grounds of error, the appellant asserts that the trial court's charge to the jury was fundamentally defective in that it instructed the jury that a verdict of guilty may have been found upon a theory not alleged in the indictment (1) when it instructed the jury in the disjunctive regarding the use of force "or" threats, (2) when it failed to require the jury to find the complainant had sexual intercourse because of a "reasonable fear of harm," and (3) by interjecting into the jury charge the phrase, "in the course of the criminal episode," which had not been alleged in the charging instrument. The indictment, in pertinent part charged that:

> on or about the 5th day of July A.D., 1981, VICTORIANO SEGUNDO did then and there knowingly and intentionally by force that overcame such earnest resistance as might reasonably have been expected under the circumstances *and* threats that would prevent resistance by a woman of ordinary resolution under the same and similar circumstances, because of a *reasonable fear of harm,* have sexual intercourse with [complainant], hereinafter called complainant, a female not his wife, without her consent, and did then and there intentionally and knowingly compel said complainant to submit to such acts of sexual intercourse by threatening the imminent infliction of SERI-

OUS BODILY INJURY to said complainant. [Emphasis added].

On the other hand, the charge stated:

... on or about the 5th day of July A.D., 1981, in Bexar County, Texas, the defendant, Victoriano Segundo, knowingly and intentionally did then and there unlawfully and without the consent of [complainant] a female, have sexual intercourse with the said [complainant], and that the said [complainant] was not then and there the wife of said defendant, and that the defendant used force on [complainant] on the occasion in question and that it was such force as to overcome such earnest resistance as might reasonably be expected under the circumstances at the time, *or* that the defendant used threats to [complainant] and that they were such threats as would prevent resistance by a woman of ordinary resolution, and that the defendant, *in the course of the same criminal episode,* threaten imminent infliction of serious bodily injury to [complainant], then you will find the defendant guilty of aggravated rape as charged in the indictment. [Emphasis added].

■ Appellant argues that the charge was fundamentally defective in that it instructed the jury in the disjunctive regarding the use of force "or" threats. Appellant claims that the jury charge did not require the same proof as alleged in the indictment; therefore, fundamental error resulted in the jury charge. However, in this prosecution for aggravated rape under an indictment which alleged that the appellant compelled the complainant to submit to sexual intercourse by force "and" threats, it was not error for the trial court to charge the jury in the disjunctive language of the statute, substituting the word "or" for the word "and" found in the indictment. *Cowan v. State,* 562 S.W.2d 236 (Tex.Cr.App. 1978); TEX. PENAL CODE ANN. § 21.-02(b)(1)(2) (Vernon Supp 1982–1983). In *Brown v. State,* 576 S.W.2d 820 (Tex.Cr. App.1978), the Texas Court of Criminal Appeals held that an indictment, which charges a rape to have been committed by force, threat, and fraud, is fully sustained by proof of any one of those methods alleged. We further note that, in the case of *Freeman v. State,* 618 S.W.2d 52 (Tex.Cr. App.1981), the Texas Court of Criminal Appeals held that even the omission of the phrase, "by means of force and threats," from a jury instruction on aggravated rape did not constitute fundamental error because later language in the instruction to the effect that the jury must find that defendant "threatening serious bodily injury to be imminently inflicted" on the victim was sufficient to constitute inclusion of the missing element(s). Appellants' third ground of error is overruled.

■ Appellant, also, argues that the trial court's charge to the jury was fundamentally defective because it failed to require the jury to find that the complainant had sexual intercourse because of a "reasonable fear of harm"; therefore, the jury was able to convict appellant on proof less than that alleged in the indictment. The trial court's review of the charge should not be limited to the parts of the charge standing alone. *Simmons v. State,* 622 S.W.2d 111 (Tex.Cr. App.1981). The charge required the jury to find that appellant threatened imminent infliction of serious bodily injury. When complainant was threatened with imminent infliction of serious bodily injury, she had a "reasonable fear of harm." *Freeman v. State,* at 53. Viewing the charge as a whole, there is no doubt that the complainant submitted to the rape for any reason except a "reasonable fear of harm" brought about by the threat of imminent serious bodily injury. Also, the evils constituting fundamental error, as stated in *Cumbie v. State,* 578 S.W.2d 732 (Tex.Cr.App.1979) [ (1) authorization of any diminution of the State's burden of proof, (2) authorization of conviction for conduct which does not constitute criminal offense, and (3) authorization of conviction for an offense of which the accused has no notice], are not present in the jury instruction in this case. Appellant's fourth ground of error is overruled.

Appellant further argues that the trial court's charge to the jury was fundamentally defective because the trial court had interjected into the jury charge the phrase, "in the course of the criminal episode," which was not alleged in the indictment; and therefore, the jury was permitted to convict appellant upon proof different than that alleged in the indictment. It is clear, when one reads the portion of the charge applying the law to the facts, that the court instructed the jury that they had to find that a rape had taken place and that, during the course of that rape, there were aggravating circumstances. The phrase, "in the course of the same criminal episode," was used to show the jury that the aggravating portion of the offense (i.e., the threat of imminent infliction of serious bodily injury) had to occur during the course of the rape. While it is true that the phrase, "in the course of the same criminal episode," is only used in two of the five subparagraphs of section 21.03(a), the use of that phrase in the charge neither changes the theory upon which appellant was convicted nor alters the burden of proof. The intent of the aggravated rape statute is that those acts which constitute the aggravating circumstances must have taken place during the rape. The rape is the criminal episode and the acts that aggravate the offense of rape must occur during that criminal episode. The jury was properly instructed; the trial court's use of the phrase, "in the course of the same criminal episode," merely informed the jury that the threatened infliction of serious bodily injury had to occur during the course of the rape. *Jackson v. State,* 591 S.W.2d 820 (Tex.Cr. App.1979). Appellant's fifth ground of error is hereby overruled.

In his sixth ground of error, appellant asserts that the trial court erred by admitting into evidence certain hearsay testimony. The witness testified as to what the complainant had told him concerning her abduction shortly after the rape and while the witness, a stranger, offered and provided transportation for the complainant back to her home. Testimony of a witness, who relates statements made by a victim as told to him by a rape victim within a very short period after the offense occurred, is admissible on the ground that such statements are either "confined to the bear facts of the complaint" or res gestae of the offense. *Hanner v. State,* 572 S.W.2d 702 (Tex.Cr.App.1978); *Knox v. State,* 487 S.W.2d 322 (Tex.Cr.App.1972). Appellant's sixth ground of error is overruled.

The judgment of the trial court is AFFIRMED.