Edgar Lewis RUSHING, Appellant,

v.

The STATE of Texas, Appellee.

No. 52900.

Court of Criminal Appeals of Texas.

Feb. 9, 1977.

Rehearing Denied March 1, 1977.

Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., William M. Lamb, James G. Walker, Winfield W. Scott, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery. Punishment, enhanced under the provisions of V.T.C.A. Penal Code, Sec. 12.-42(b), was assessed at twenty-five years.

At the outset, appellant contends, "The trial court committed fundamental error in not excluding the in-court identification testimony of the witness, Roger Melton, as said testimony was tainted by the impermissibly suggestive trial confrontation so as to give rise to a very substantial likelihood of irreparable misidentification."

Roger Melton made an in-court identification of appellant as the person who robbed him while he was an employee of a Stop'N'Go Store in Grand Prairie about 7:00 p. m. on February 13, 1975. No objection was voiced to Melton's identification of appellant, nor was any request made for a hearing on the matter of identification. Appellant urges on appeal that the court committed fundamental error in not excluding the in-court identification. We do not reach the merits of appellant's contention since a timely objection to identification testimony must be made at the first opportunity. *Jones v. State,* Tex.Cr.App., 471 S.W.2d 413; *Montoya v. State,* Tex.Cr.App., 464 S.W.2d 853; *Martinez v. State,* Tex.Cr. App., 437 S.W.2d 842. Nothing is presented for review.

Appellant contends, "the prosecutor committed reversible error in his cross examination of appellant. . . ."

Appellant's complaint is directed to the following, which occurred during cross-examination of appellant:

"Q. You think the officer, then, just got together with these two civilians and cooked up this story on you?

"A. Well, I don't know if they got together, but like I said, I feel that they have the wrong man because I definitely didn't rob the place.

"Q. And the police officer is lying about the money?

"A. Well, I don't know what you call it.

"MR. SIMMONDS: I object to that, Your Honor.

"THE COURT: Sustained."

Pursuant to appellant's request, the court instructed the jury to disregard. Appellant's motion for mistrial was overruled and this action by the court gives rise to appellant's contention.

In *McKinney v. State,* Tex.Cr.App., 491 S.W.2d 404, complaint was made of the prosecutor being permitted to ask the defendant if certain witnesses were lying after defendant had given a version of the facts somewhat different than that of the State's witnesses. In that case, it was concluded, "While the question may have been argumentative, we do not perceive reversible error in light of the entire record." In the instant case, appellant's objection was promptly sustained and the jury was instructed to disregard. No reversible error is shown.

█ Lastly, appellant contends that "the indictment is fundamentally defective as it fails to allege that the offense of robbery was committed within 400 yards of the boundary of Dallas County."

The pertinent portion of Art. 13.04, V.A. C.C.P., "On the boundary of counties," provides:

"An offense committed on the boundaries of two or more counties, or within four hundred yards thereof, may be prosecuted and punished in any one of such counties . . . ." Amended by Acts 1973, 63rd Leg., p. 977, ch. 399, Sec. 2(C), eff. Jan. 1, 1974; Acts 1973, 63rd Leg., p. 1251, ch. 454, art. 2, Sec. 1, eff. Jan. 1, 1974.

Appellant acknowledges the applicability of Art. 13.04,[1] supra, but urges that the failure of the indictment to aver that the site of the robbery was within four hundred yards of the Dallas County line was fundamental error.

Appellant relies on *Parr v. State,* 164 Tex.Cr.R. 424, 299 S.W.2d 940 (1957), where it was stated:

"Art. 190, C.C.P., provides that when an offense is committed within 400 yards of the boundary of any two counties, the prosecution may be conducted in either county. That statute is purely a venue statute. Where the facts authorize the application of the statute . . ., it is within the option of the state to bring the prosecution in either county.

"To exercise that option, the state's pleading must of necessity show that the offense was committed in one county and the prosecution conducted in another."

Article 21.06, V.A.C.C.P., "Allegation of venue," provides:

"When the offense may be prosecuted in either of two or more counties, the indictment may allege the offense to have been committed in the county *where the same is prosecuted,* or in any county or place where the offense was actually committed." Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722. (Emphasis supplied.)

Under Art. 13.04, supra, the instant offense could be prosecuted in Dallas County since the offense occurred within four hundred yards of the Dallas County line. Article 21.06, supra, provides that "the indictment may allege the offense to have been committed in the county where the same is prosecuted." Thus, under Arts. 13.04 and 21.06, supra, it was not error for the indictment to aver that the offense occurred in Dallas County.

The judgment is affirmed.

Opinion approved by the Court.

---

1. The record reflects that the offense occurred about seventy-five feet from the Dallas County line in an adjoining county.