**Amado MORIN, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–83–00329–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

May 24, 1984.

Jack R. Stern, Sugarland, for appellant.

Jim Mapel, Angleton, for appellee.

Before EVANS, C.J., and BULLOCK and BASS, JJ.

OPINION

EVANS, Chief Justice.

This is an appeal from a conviction for the offense of aggravated rape of a child. The jury assessed punishment at 99 years confinement.

In his first ground of error, appellant complains that evidence of his prior conviction for kidnapping was improperly admitted at the punishment stage of the trial.

Appellant's statement of his first ground of error urges that the indictment underlying the prior conviction was void. However, his argument under that ground urges that because the sentence in that cause was three years confinement, probated for a period of three years, while the statute provided a minimum sentence of five years confinement, "either the judgment or the indictment is void."

This court is required to construe appellant's arguments along with his ground of error in determining the point of objection sought to be presented. Tex. Code Crim.Pro.Ann. art. 40.09, sec. 9 (Vernon 1979). Understanding appellant's objection to be that the *conviction* in the prior cause was void, we overrule this ground of error. The indictment underlying the prior conviction contained every element required under article 1177, 1925 Texas Penal Code, ch. 266, sec. 1, 1929 Tex.Gen.Laws 543, *repealed by* ch. 399, sec. 1, 1973 Tex.Gen.Laws 883. The sentence was less than the minimum authorized by law. The appellant's failure to object to the introduction of proof of an allegedly infirm prior conviction precludes appellant from now attacking the instant conviction. *Hill v. State*, 633 S.W.2d 520, 525 (Tex.Cr. App.1982) (op. on reh'g). The cases yielding results contrary to that reached in *Hill* are distinguishable because they involved situations in which the underlying indictments were fundamentally defective. *See Ex parte White*, 659 S.W.2d 434 (Tex.Cr. App.1983); *Duplechin v. State*, 652 S.W.2d 957 (Tex.Cr.App.1983). Here, the indictment in the prior kidnapping case was not fundamentally defective, and a proper ob-

**134**

jection at trial was necessary to raise the issue on appeal. Because appellant failed to object to the introduction of the record of his prior conviction on the ground that it was void for failure to assess a sentence within the range provided by law, he is precluded from now attacking this conviction on appeal. *Hill, supra,* at 525. Ground of error number one is overruled.

In ground of error number two, appellant contends that the trial court erred in failing to grant discovery of the psychiatric history of the State's witnesses, and of exculpatory statements by any witness interviewed by the State. Appellant directs this court to testimony of a caseworker indicating that the victim had been attending counseling sessions after the occurrence of the offense for which appellant was convicted. We note that this testimony was elicited by the State and that appellant made no objection to the testimony. Moreover, any communications between the victim and her counselor were confidential and not subject to disclosure by the State, even if the State had been aware of the victim's alleged psychiatric history. Tex.Rev.Civ.Stat.Ann. art. 5561h, ch. 239, secs. 2, 4, 1979 Tex.Gen.Laws 51314, *amended by* ch. 511, secs. 2, 4, 1983 Tex. Gen.Laws 2972. The withholding of inadmissible material does not violate the rule established in *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Iness v. State,* 606 S.W.2d 306 (Tex.Cr.App. 1980). Nothing in the record reflects that the State actually withheld other possibly exculpatory evidence from the defense. Appellant's second ground of error is overruled.

Appellant's third ground of error contends that the evidence was insufficient, as a matter of law, because venue was not established. Venue must be raised as an issue in the trial court, or on appeal it will be presumed to have been established. Tex.Code Crim.Pro. art. 44.24 (Vernon 1979); *Fairfield v. State,* 610 S.W.2d 771 (Tex.Cr.App.1981). Because appellant raises this issue for the first time on appeal, we must presume that venue was estab-

lished in Brazoria County where the case was tried. *Clark v. State,* 558 S.W.2d 887 (Tex.Cr.App.1977). Because venue is not a criminative fact, it need be proven only by a preponderance of the evidence. *Fairfield, supra; Clark, supra.* Further, there was expert testimony that the child conceived by the acts of appellant would have been conceived in November, 1981. There was testimony that in November of 1981 the victim resided with the appellant in West Columbia, which we judicially notice to be in Brazoria County. Appellant's ground of error number three is overruled.

In his fourth ground of error, appellant contends that it was error for the trial court to charge the jury on aggravated rape, Tex.Penal Code Ann. sec. 21.03, ch. 202, sec. 1, 1981 Tex.Gen.Laws 471, *repealed by* ch. 977, sec. 12, 1983 Tex.Gen. Laws 5321, in terms of "rape of a child", Tex.Penal Code sec. 21.09, ch. 342, sec. 8, 1975 Tex.Gen.Laws 914, repealed by ch. 977, sec. 12, 1983 Tex.Gen.Laws 5321, rather than in terms of "rape". The indictment alleged that appellant "did intentionally and knowingly have sexual intercourse with [A.M.] and at the time of said sexual intercourse [A.M.] was a female younger than fourteen years of age and was not the wife of the said Defendant." Appellant argues that he was charged with the offense of "rape," aggravated by the fact that the victim was younger than 14 years of age. The charge, however, defined the offense as follows:

Our law provides that a person commits the offense of aggravated rape *of a child* if he has sexual intercourse with a female not his wife and she is younger than 14 years of age at the time. (emphasis added)

Appellant contends it was error for the court to charge the jury in terms that were appropriate to the offense of "rape of a child" rather than "rape." However, both "rape of a child" and "rape" may be aggravated by the same element, that is, the victim being under the age of 14 years. Once the aggravating element is present, both *aggravated* "rape of a child" and *ag-*

*gravated* "rape" have exactly the same elements. Thus, the definitional portion of the charge given contained every element in appellant's requested charge.

The portion of the charge applying the law to the facts stated:

> Now, if you find from the evidence beyond a reasonable doubt that ... the defendant, Amado Morin, did intentionally and knowingly have sexual intercourse with [A.M.] and at the time of said sexual intercourse [A.M.] was a female younger than fourteen (14) years of age and was not the wife of the said Defendant, then you will find the defendant guilty of Aggravated *Rape of a child,* as charged in the indictment.

Appellant is correct in the sense that the charge spoke in terms of "rape of a child" while the indictment did not. But the jury was required to find neither more nor less than the indictment required. There being *no harm shown, ground of error number four is overruled.*

The judgment is affirmed.

Publish. Tex.R.Crim.App.P. 207.