**Enrique CHAVEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–85–814–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 26, 1986.

Jed Robinson, Houston, for appellant.

John B. Holmes, Jr., William J. Delmore, III, Frances M. Northcutt, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION

### J. CURTISS BROWN, Chief Justice.

Enrique Chavez, the appellant, was convicted of aggravated sexual assault and was sentenced to twenty years confinement. Appellant raises two points of error. First, he argues that the State failed to prove that the offense occurred in Harris County as the indictment alleged. Second, he contends that insufficient evidence exists to prove that he used or exhibited a dangerous weapon in the same criminal episode in order to convict him of aggravated sexual assault. We find both points to be without merit and affirm the judgment of the trial court.

Appellant went to the residence of Dorothy Ann Campbell ("Complainant"), which was shown to be in Harris County, and forced her into his truck. Complainant was a former girlfriend of appellant. During the trip, appellant pulled a gun from under the seat of the truck and pointed it at Complainant's head. A struggle ensued and appellant fired the gun twice, blowing out the windows on the passenger side of the truck. A little later, appellant stopped the truck in a cemetery. He ordered Complainant to take her pants off and proceeded to have anal intercourse with her. Complainant testified that the gun was at his side during this offense. Appellant then took her to his house in Fulshear, where he again had anal intercourse with her. Appellant tied her up with a power cord from the vacuum cleaner for the night. In the morning he took Complainant home.

■ In his first point of error, appellant contends that the State failed to prove that the offense occurred in Harris County as alleged in the indictment. The State, however, need not prove that the sexual assault occurred in Harris County. Tex. Crim.Proc.Code Ann. art. 21.06 (Vernon 1966) states that "[w]hen the offense may be prosecuted in either of two or more counties, the indictment may allege the offense to have been committed in the county where the same is prosecuted, or in any county or place where the offense was

actually committed." The indictment may allege that the offense was committed in Harris County as long as the offense may be prosecuted in Harris County. *See Rushing v. State*, 546 S.W.2d 610 (Tex. Crim.App.1977). Tex.Crim.Proc. Code Ann. art. 13.15 (Vernon Supp.1986) allows sexual assault to be prosecuted in the county in which the victim is abducted. Since the State proved that complainant was abducted in Harris County, the allegations in the indictment were proper.

■ Appellant, in his second point of error contends that insufficient evidence exists to convict him of aggravated sexual assault. Aggravated sexual assault may be committed if in connection with a sexual assault the person "uses or exhibits a deadly weapon in the course of the same criminal episode." Tex. Penal Code Ann. § 22.-021(a)(4) (Vernon Supp.1986). In *Segundo v. State*, 662 S.W.2d 798, 802 (Tex.App.—Corpus Christi 1983, pet. ref'd) the court in dicta stated that the rape was the criminal episode and the aggravating act must occur during the rape. We believe that defining the criminal episode as only constituting the rape is a too narrow of a construction of § 22.021. If the legislature had intended such a narrow interpretation it would not have included in the "course of the same criminal episode." If this language were not present, the weapon would have to be exhibited or used during the sexual assault. Requiring the use in the course of a criminal episode must add something. *See* Tex. Gov't Code Ann. § 311.021(2) (Vernon 1985). We believe that the State need only prove that the defendant exhibited or used the weapon in connection with the sexual assault in order to satisfy section 22.021(a).

■ In any event, the *Segundo* test was fulfilled since the evidence showed that the appellant had the gun at his side during the first sexual assault. Display is sufficient to prove aggravation. *Watts v. State*, 638 S.W.2d 938, 940 (Tex.App.—Dallas 1982).

For the reasons set forth we affirm the judgment of the trial court.