**Richard Earl GLENN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–89–00014–CR.**

Court of Appeals of Texas, Tyler.

June 16, 1989.

Discretionary Review Refused Oct. 4, 1989.

Patrick A. Griffin, Henderson, for appellant.

Kenneth Booker, Asst. Dist. Atty., Henderson, for appellee.

PER CURIAM.

Appellant was convicted of unauthorized use of a motor vehicle enhanced by two prior felony convictions and punishment was assessed at thirty-five years in prison. We affirm.

On appeal Appellant raises three points of error, all challenging the sufficiency of the evidence to prove matters alleged in the indictment. Specifically, Appellant contends that the evidence does not show that he committed the offense of unauthorized use of a motor vehicle in Rusk County, Texas. In points one and two, the contention is framed in terms of a variance between the proof and the allegations in the indictment. In his third point Appellant contends that, as any proof of his unauthorized use in Rusk County was circumstantial and such evidence did not exclude all reasonable hypotheses other than his guilt, the trial court should have granted his motion for judgment non obstante verdicto.[1]

The State's response to the points raised by Appellant is phrased in terms of venue. That is, that the allegation that the offense occurred in Rusk County was a venue allegation, that by statute venue was proper in Rusk County, and that the State properly proved venue under Texas law.

■ To be valid an indictment must show, among other things, "that the place where the offense was committed is within the jurisdiction of the court in which the indictment is presented." Tex.Code Crim. Proc.Ann. art. 21.02(5) (Vernon 1989). This requirement, commonly called the venue allegation, is separate from the requirement that "the offense must be set forth in plain and intelligible words." Tex.Code Crim.Proc.Ann. art. 21.02(7) (Vernon 1989). If any offense may be prosecuted in either of two or more counties, it is permissible to allege the offense to have been committed in the county of prosecution or in any county where the offense was actually committed. Tex.Code Crim.Proc.Ann. art. 21.06 (Vernon 1989); *Rushing v. State*, 546 S.W.2d 610, 611 (Tex.Cr.App.1977); *Chavez v. State*, 721 S.W.2d 508, 509 (Tex.App.— Houston [14th Dist.] 1986, no pet.).

In *Rushing*, the indictment alleged venue in Dallas County. The record, however, showed that the offense occurred about seventy-five feet from the Dallas County

---

1. We construe the motion for judgment non obstante veredicto as being in the nature of a motion for new trial or in arrest of judgment, which motions are recognized in criminal cases. Tex.R.App.P. 30 and 33.

line in an adjoining county. *Rushing,* 546 S.W.2d at 611 n. 1. Pursuant to Tex.Code Crim.Proc.Ann. art 13.04, venue was proper in Dallas County because the offense was committed within 400 yards of the county boundary. However, the appellant objected because the indictment merely alleged the offense occurred in Dallas County, it did not specifically allege venue in the terms of article 13.04. The Court of Criminal Appeals concluded it was not error to allege that the offense occurred in Dallas County because article 21.06 specifically allows an allegation that the offense occurred in a county where the same may be, and is, prosecuted. *Id.* at 611.

In *Chavez,* the indictment alleged that the appellant committed aggravated sexual assault in Harris County. *Chavez,* 721 S.W.2d at 508. The evidence showed that the victim was abducted in Harris County, but did not necessarily show the assault occurred in Harris County. The Fourteenth Court of Appeals found that because the sexual assault venue statute [2] permitted prosecution in either the county where the victim was abducted or the county where the assault actually occurred, under article 21.06, it was proper to allege that the offense had occurred in Harris County. *Id.* at 509.

> In this case the indictment alleged:
> RICHARD EARL GLENN ... on or about the 30th day of June A.D. 1988, ... in the County and State aforesaid [Rusk County], did then and there intentionally and knowingly operate the motor-propelled vehicle, to-wit: a 1965 Ford truck without the effective consent of the owner, A.T. Cleaver ...

An unauthorized use of a motor vehicle offense "may be prosecuted in any county where the unauthorized use of the vehicle occurred or in the county in which the vehicle was originally reported stolen." Tex.Code Crim.Proc.Ann. art. 13.23 (Vernon Supp.1989) (hereinafter referred to as article 13.23).

■ The record before us reflects that the vehicle in question belonged to Mr. A.T. Cleaver, a resident of Rusk County, Texas.

The uncontradicted evidence shows that on July 1, 1988, Mr. Cleaver received a phone call from the Chief of Police of the city of Troup, Texas, Police Department inquiring as to the whereabouts of Cleaver's Ford truck. In response to that call, Cleaver went to where he had parked the truck the day before, which location was in Rusk County, and discovered the truck was missing. Cleaver then called the Troup Police Chief back and told him the truck was gone. Cleaver testified that on the dates in question he had not given anyone, including Appellant, permission to use his truck.

The record shows that the call from the Troup Police to Mr. Cleaver was prompted by an early morning stop of the 1965 Ford truck in the city of Troup, Smith County, Texas, by Officer Hitt of the Troup Police Department. At the time of the stop, the truck was being driven by the appellant. The officer was unable to communicate with his office at the time, so after some inquiries Appellant was allowed to leave in the truck.

On July 4, 1988, Officer E.W. Leeds of the Mabank Police Department in Kaufman County, Texas, stopped the 1965 Ford truck in Mabank in response to information that the truck had driven off after getting fuel without paying. At the time of the stop, the appellant was driving the truck and there was another man in the truck.

On this record, under article 13.23, the offense could have been prosecuted in Kaufman or Smith Counties, those being counties wherein unauthorized use was shown to have actually occurred. However, the offense was prosecuted in, and the unauthorized use alleged to have occurred in, Rusk County. There is no direct evidence that Appellant actually used the vehicle in Rusk County. However, there is evidence that the owner of the vehicle was in Rusk County when he received an inquiry about the vehicle, and after discovering that the vehicle was not where it had been parked, also in Rusk County, the owner called back and reported the vehicle missing. The owner also stated that no

---

**2.** Tex.Code Crim.Proc.Ann. art. 13.15.

one had his permission to use the truck at the time it was discovered missing. This evidence is sufficient[3] to sustain the allegation of venue under the other alternative allowed by article 13.23, i.e., where the vehicle was originally reported stolen.

 Venue, the location of an offense, is not a constituent element of the offense, and thus, need not be proved beyond a reasonable doubt. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Cr.App.1977); *Jasso v. State*, 699 S.W.2d 658, 661 (Tex.App.—San Antonio 1985, no pet.); *Morin v. State*, 671 S.W.2d 132, 134 (Tex.App.—Houston [1st Dist.] 1984, no pet.). Venue need only be proved by a preponderance of the evidence, which may be direct or circumstantial. Tex.Code Crim.Proc.Ann. art. 13.17; *Black v. State*, 645 S.W.2d 789, 790 (Tex. Cr.App.1983); *Reed v. State*, 733 S.W.2d 556, 557 (Tex.App.—Tyler 1986, pet. ref'd); *Fain v. State*, 688 S.W.2d 235, 240 (Tex. App.—El Paso 1985), *aff'd*, 725 S.W.2d 200 (Tex.Cr.App.1986).

The evidence is undisputed that the 1965 Ford vehicle was originally reported stolen in Rusk County. Thus, venue was proper in Rusk County, and pursuant to article 21.06, the offense was properly alleged to have occurred in Rusk county. There is no variance between the proper venue allegation and the proof. The trial court did not err in overruling Appellant's motions for instructed verdict and judgment non obstante veredicto on the alleged basis of a variance. Points one and two are overruled.

In his third point of error, Appellant argues that the circumstantial evidence does not establish his guilt beyond a reasonable doubt because of the allegation that the unauthorized use occurred in Rusk County. This argument must fail for reasons already stated. First, venue is not an essential element of the offense which must be proved beyond a reasonable doubt. Second, article 13.23 allows the offense to be prosecuted in the county where the vehicle was originally reported stolen. The State's evidence that the owner originally reported the vehicle stolen in Rusk County is undisputed. Article 21.06 permits allegation that the offense occurred in any county in which prosecution is allowed. Thus, prosecution is proper in Rusk County, and the indictment properly alleged that the offense occurred in Rusk County. The third point of error is overruled.

The judgment of the trial court is affirmed.

---

3. Measured under the preponderance of the evidence standard.