Opinion filed January 30, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed January 30,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00231-CR 

                                                    __________

 

                                 PATRICK CHARLES LEE, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 238th District Court

 

                                                        Midland
County, Texas

 

                                                 Trial
Court Cause No. CR30373

 



 

                                             M E M O R A
N D U M   O P I N I O N

 

Patrick
Charles Lee was indicted on two counts of aggravated sexual assault of a
child.  On each count, the jury convicted appellant and made an affirmative finding
that appellant used a deadly weapon to commit the offense.  The jury assessed
appellant=s punishment
at fifteen years confinement on each offense, and the trial court ordered the
sentences to run consecutively.  We affirm.








In
his first and second issues on appeal, appellant argues that the evidence is
legally and factually insufficient to support his conviction for aggravated sexual
assault of a child.  In order to determine if the evidence is legally
sufficient, we must review all of the evidence in the light most favorable to
the verdict and determine whether any rational trier of fact could have found
the essential elements of the crime beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.
Crim. App. 2000).  To determine if the evidence is factually sufficient, the
appellate court reviews all of the evidence in a neutral light.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the reviewing court determines whether the
evidence supporting the verdict is so weak that the verdict is clearly wrong
and manifestly unjust or whether the verdict is against the great weight and
preponderance of the conflicting evidence.  Watson, 204 S.W.3d at
414-15; Johnson, 23 S.W.3d at 10-11.  We review the factfinder=s weighing of the evidence
and cannot substitute our judgment for that of the factfinder.  Cain,
958 S.W.2d at 407; Clewis, 922 S.W.2d at 135.  Due deference must be
given to the jury=s
determination, particularly concerning the weight and credibility of the
evidence.  Johnson, 23 S.W.3d 1; Jones v. State, 944 S.W.2d 642
(Tex. Crim. App. 1996).  This court has the authority to disagree with the
factfinder=s
determination Aonly
when the record clearly indicates such a step is necessary to arrest the
occurrence of a manifest injustice.@ 
Johnson, 23 S.W.3d at 9.

Count
One of the indictment alleged that appellant committed aggravated sexual assault
by causing Athe
penetration of the female sexual organ of [the victim] by the sexual organ of
[appellant].@  Count
Two alleged that appellant committed the offense by causing Athe penetration of the anus
of [the victim] by the sexual organ of [appellant].@  The victim (appellant=s stepdaughter) testified that she was
fourteen years old at the time of the offense.  On the day of the offense, the
victim stayed home from school because she was not feeling well.  The victim
testified that she was in her room watching television and that appellant came
into her room and watched television with her.  Appellant started Awrestling@ with the victim in her
room.  The victim left the room and went to the bathroom.  When she returned,
appellant pulled out a knife.








The
victim testified that appellant put the knife against her neck and instructed
her to take off her clothes.  The victim stated that she took off her clothes
because she was afraid appellant would hurt her if she did not comply.  The
victim said that appellant stacked three pillows on the end of her bed and told
her to lie over the pillows on her stomach.  Appellant then penetrated the
victim=s vagina with
his sexual organ.  The victim testified that she kept screaming, ADaddy, why are you doing
this to me?@  

Appellant
told the victim to stop screaming or he Awas
going to stick it in my anus.@ 
The victim continued to scream, and he penetrated her anus with his sexual
organ. After the assaults, appellant threw the victim=s clothes at her and told her to get dressed.

The
victim testified that she went to Planned Parenthood two days after the
assault.  She did not tell anyone at Planned Parenthood about the assaults
because she was afraid.  She stated that she did not truthfully answer the
medical questionnaire from Planned Parenthood.

The
victim told her sister what appellant had done about a week after the offense. 
The offense was then reported to the Midland County Sheriff=s Office. The victim was
taken for an examination at Midland Memorial Hospital.  Cori Armstead testified
that she conducted a sexual assault exam on the victim.  Armstead noted Aredness to the hymenal
edges, and her hymen was irregular in shape.@ 
Armstead testified that the irregularity and redness of the hymen were
consistent with the victim being penetrated by a penis.  Armstead also found a
healed abrasion on the victim=s
vaginal opening.  Armstead testified that there was a healed abrasion on the
victim=s anus that was
consistent with penetration by the male sexual organ.  Armstead stated that her
exam supported sexual assault as reported by the victim.

The
victim=s sister,
Ashley, testified that she took some items to the sheriff=s office because she
believed those items were evidence.  One of the items was a pillow sham used by
appellant.  The victim identified a picture of the pillow sham as being on one
of the pillows appellant forced her to lie over during the assault.  The pillow
sham was examined at the Texas Department of Public Safety Lab in Lubbock.  The
pillow sham contained a semen stain.  The DNA in the semen stain was consistent
with appellant=s DNA.








Appellant
stated that on the day of the offense the victim was home from school and that
he watched television with her.  Although the victim said that appellant
stabbed himself in the knee after he assaulted her, appellant said he cut his
leg with his knife while trying to cut computer cable.  The victim helped
appellant bandage the wound.   Appellant denied sexually assaulting the
victim.              Appellant specifically argues in his first issue on appeal
that the evidence is legally insufficient to support his conviction in Count
Two because there is no evidence that he penetrated the victim=s anus at knifepoint.  The
victim testified that appellant held a knife to her neck and instructed her to
remove her clothes.  She stated appellant penetrated her first vaginally and
then anally when she did not stop screaming.  Appellant contends that the
victim did not testify she was in fear of the knife during anal penetration.

Aggravated
sexual assault may be committed if, in connection with a sexual assault, the
person Auses or
exhibits a deadly weapon in the course of the same criminal episode.@  Tex. Penal Code Ann. '
22.021(a)(2)(A)(iv) (Vernon Supp. 2008); Chavez v. State, 721 S.W.2d
508, 509 (Tex. App.CHouston
[14th Dist.] 1986, no pet.).  The State need only prove that the defendant
exhibited or used the weapon in connection with the sexual assault.  Chavez,
721 S.W.2d at 509.  Appellant held a knife to the victim=s neck, forced her to undress, and then
sexually assaulted her vaginally and anally.  The evidence is legally
sufficient to find that appellant exhibited or used a deadly weapon in
connection with committing the aggravated sexual assault as alleged in Count
Two of the indictment.  Appellant=s
first issue is overruled.

Appellant
argues in his second issue on appeal that the evidence is factually
insufficient to support his conviction.  The victim admitted that she did not
truthfully answer the questionnaire from Planned Parenthood that asked if she
had been sexually abused.  The victim further admitted that she previously had
sexual relations on two occasions with her former boyfriends.  Appellant
testified that he did not sexually assault the victim.  Although the victim=s mother testified that
they had not had sexual relations in years, appellant claims that his semen
might have been on the pillow sham from having sexual relations with the victim=s mother.  Appellant
contends that this evidence shows that the jury=s
verdict was manifestly unjust.

The
victim testified that appellant sexually assaulted her vaginally and anally
after holding a knife to her neck.  She identified one of the pillow shams that
appellant used during the assault; it contained semen matching appellant=s DNA.  The nurse who
examined the victim testified that the victim had healed abrasions consistent
with vaginal and anal penetration.








The
jury was the sole judge of the credibility of the witnesses and the weight to
be given their testimony.  Tex. Code
Crim. Proc. Ann. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979); Wesbrook
v. State, 29 S.W.3d 103 (Tex. Crim. App. 2000).  The jury may choose to
believe or disbelieve all or any part of any witness=s testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).  We find that the evidence is factually
sufficient to support appellant=s
conviction under both counts alleged in the indictment.  Appellant=s second issue is
overruled.

In
his third issue, appellant argues that the trial court erred in ordering that
appellant=s sentences
on each count of aggravated sexual assault to run consecutively.  The trial
court=s decision to
order sentences to run consecutively will be reviewed under an abuse of
discretion standard.  Nicholas v. State, 56 S.W.3d 760, 764-65 (Tex.
App.CHouston [14th
Dist.] 2001, pet. ref=d). 
Tex. Penal Code Ann. ' 3.03(b) (Vernon Supp.
2008) provides that, if the accused is found guilty of more than one offense
arising out of the same criminal episode, Athe
sentences may run concurrently or consecutively@
if each sentence is for a conviction of an offense under Tex. Penal Code Ann. ' 22.021 (Vernon Supp.
2008).  It has long been recognized that, if the punishment assessed is within
the range of punishment established by the legislature under its constitutional
authority, there is no violation of the state constitutional provisions against
cruel and unusual punishment.  Baldridge v. State, 77 S.W.3d 890, 893
(Tex. App.CHouston
[14th Dist.] 2002, pet. ref=d). 
Appellant Ainvokes the
proportionality principle for which the Eighth Amendment offers consideration
to persons sentenced in state court.@

We
recognize that the prohibition against grossly disproportionate punishment
survives under the Eighth Amendment of the United States Constitution apart
from any consideration of whether the punishment assessed is within the range
established by the legislature.  See Latham v. State, 20 S.W.3d 63,
68-69 (Tex. App.CTexarkana
2000, pet. ref=d). 
The Eighth Amendment, which is applicable to the states by virtue of the
Fourteenth Amendment, has been recognized as encompassing a narrow
proportionality principle.  Robinson v. California, 370 U.S. 660
(1962).  It prohibits greatly disproportionate sentences.  Weems v. United
States, 217 U.S. 349, 371 (1910). Punishment will be grossly
disproportionate to a crime only when an objective comparison of the gravity of
the offense against the severity of the sentence reveals the sentence to be
extreme. Harmelin v. Michigan, 501 U.S. 957, 1004-06 (1991).  Only if we
infer that the sentence is grossly disproportionate to the offense will we
compare the sentence received to (1) sentences for similar crimes in the same
jurisdiction and (2) sentences for the same crime in other jurisdictions.  Id.








Appellant
put a knife to his stepdaughter=s
throat, forced her to remove her clothes, then penetrated her vaginally and
anally leaving abrasions.  We do not find that punishment of two fifteen year
sentences is grossly disproportionate to the offense.  The trial court did not
abuse its discretion in ordering the sentences to run consecutively.  Appellant=s third issue on appeal is
overruled.

The
judgment of the trial court is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

January 30, 2009

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.