**Opinion filed January 30, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-07-00231-CR

_____

## PATRICK CHARLES LEE, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CR30373**

### M E M O R A N D U M   O P I N I O N

Patrick Charles Lee was indicted on two counts of aggravated sexual assault of a child.  On each count, the jury convicted appellant and made an affirmative finding that appellant used a deadly weapon to commit the offense.  The jury assessed appellant's punishment at fifteen years confinement on each offense, and the trial court ordered the sentences to run consecutively.  We affirm.

In his first and second issues on appeal, appellant argues that the evidence is legally and factually insufficient to support his conviction for aggravated sexual assault of a child.  In order to

determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004)); *Johnson v. State*, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407-08 (Tex. Crim. App. 1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414-15; *Johnson*, 23 S.W.3d at 10-11. We review the factfinder's weighing of the evidence and cannot substitute our judgment for that of the factfinder. *Cain*, 958 S.W.2d at 407; *Clewis*, 922 S.W.2d at 135. Due deference must be given to the jury's determination, particularly concerning the weight and credibility of the evidence. *Johnson*, 23 S.W.3d 1; *Jones v. State*, 944 S.W.2d 642 (Tex. Crim. App. 1996). This court has the authority to disagree with the factfinder's determination "only when the record clearly indicates such a step is necessary to arrest the occurrence of a manifest injustice." *Johnson*, 23 S.W.3d at 9.

Count One of the indictment alleged that appellant committed aggravated sexual assault by causing "the penetration of the female sexual organ of [the victim] by the sexual organ of [appellant]." Count Two alleged that appellant committed the offense by causing "the penetration of the anus of [the victim] by the sexual organ of [appellant]." The victim (appellant's stepdaughter) testified that she was fourteen years old at the time of the offense. On the day of the offense, the victim stayed home from school because she was not feeling well. The victim testified that she was in her room watching television and that appellant came into her room and watched television with her. Appellant started "wrestling" with the victim in her room. The victim left the room and went to the bathroom. When she returned, appellant pulled out a knife.

The victim testified that appellant put the knife against her neck and instructed her to take off her clothes. The victim stated that she took off her clothes because she was afraid appellant

2

would hurt her if she did not comply. The victim said that appellant stacked three pillows on the end of her bed and told her to lie over the pillows on her stomach. Appellant then penetrated the victim's vagina with his sexual organ. The victim testified that she kept screaming, "Daddy, why are you doing this to me?"

Appellant told the victim to stop screaming or he "was going to stick it in my anus." The victim continued to scream, and he penetrated her anus with his sexual organ. After the assaults, appellant threw the victim's clothes at her and told her to get dressed.

The victim testified that she went to Planned Parenthood two days after the assault. She did not tell anyone at Planned Parenthood about the assaults because she was afraid. She stated that she did not truthfully answer the medical questionnaire from Planned Parenthood.

The victim told her sister what appellant had done about a week after the offense. The offense was then reported to the Midland County Sheriff's Office. The victim was taken for an examination at Midland Memorial Hospital. Cori Armstead testified that she conducted a sexual assault exam on the victim. Armstead noted "redness to the hymenal edges, and her hymen was irregular in shape." Armstead testified that the irregularity and redness of the hymen were consistent with the victim being penetrated by a penis. Armstead also found a healed abrasion on the victim's vaginal opening. Armstead testified that there was a healed abrasion on the victim's anus that was consistent with penetration by the male sexual organ. Armstead stated that her exam supported sexual assault as reported by the victim.

The victim's sister, Ashley, testified that she took some items to the sheriff's office because she believed those items were evidence. One of the items was a pillow sham used by appellant. The victim identified a picture of the pillow sham as being on one of the pillows appellant forced her to lie over during the assault. The pillow sham was examined at the Texas Department of Public Safety Lab in Lubbock. The pillow sham contained a semen stain. The DNA in the semen stain was consistent with appellant's DNA.

Appellant stated that on the day of the offense the victim was home from school and that he watched television with her. Although the victim said that appellant stabbed himself in the knee after he assaulted her, appellant said he cut his leg with his knife while trying to cut computer cable. The victim helped appellant bandage the wound. Appellant denied sexually assaulting the victim.

3

Appellant specifically argues in his first issue on appeal that the evidence is legally insufficient to support his conviction in Count Two because there is no evidence that he penetrated the victim's anus at knifepoint. The victim testified that appellant held a knife to her neck and instructed her to remove her clothes. She stated appellant penetrated her first vaginally and then anally when she did not stop screaming. Appellant contends that the victim did not testify she was in fear of the knife during anal penetration.

Aggravated sexual assault may be committed if, in connection with a sexual assault, the person "uses or exhibits a deadly weapon in the course of the same criminal episode." TEX. PENAL CODE ANN. § 22.021(a)(2)(A)(iv) (Vernon Supp. 2008); *Chavez v. State*, 721 S.W.2d 508, 509 (Tex. App.—Houston [14th Dist.] 1986, no pet.). The State need only prove that the defendant exhibited or used the weapon in connection with the sexual assault. *Chavez*, 721 S.W.2d at 509. Appellant held a knife to the victim's neck, forced her to undress, and then sexually assaulted her vaginally and anally. The evidence is legally sufficient to find that appellant exhibited or used a deadly weapon in connection with committing the aggravated sexual assault as alleged in Count Two of the indictment. Appellant's first issue is overruled.

Appellant argues in his second issue on appeal that the evidence is factually insufficient to support his conviction. The victim admitted that she did not truthfully answer the questionnaire from Planned Parenthood that asked if she had been sexually abused. The victim further admitted that she previously had sexual relations on two occasions with her former boyfriends. Appellant testified that he did not sexually assault the victim. Although the victim's mother testified that they had not had sexual relations in years, appellant claims that his semen might have been on the pillow sham from having sexual relations with the victim's mother. Appellant contends that this evidence shows that the jury's verdict was manifestly unjust.

The victim testified that appellant sexually assaulted her vaginally and anally after holding a knife to her neck. She identified one of the pillow shams that appellant used during the assault; it contained semen matching appellant's DNA. The nurse who examined the victim testified that the victim had healed abrasions consistent with vaginal and anal penetration.

The jury was the sole judge of the credibility of the witnesses and the weight to be given their testimony. TEX. CODE CRIM. PROC. ANN. art. 36.13 (Vernon 2007), art. 38.04 (Vernon 1979);

4

*Wesbrook v. State*, 29 S.W.3d 103 (Tex. Crim. App. 2000). The jury may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). We find that the evidence is factually sufficient to support appellant's conviction under both counts alleged in the indictment. Appellant's second issue is overruled.

In his third issue, appellant argues that the trial court erred in ordering that appellant's sentences on each count of aggravated sexual assault to run consecutively. The trial court's decision to order sentences to run consecutively will be reviewed under an abuse of discretion standard. *Nicholas v. State*, 56 S.W.3d 760, 764-65 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). TEX. PENAL CODE ANN. § 3.03(b) (Vernon Supp. 2008) provides that, if the accused is found guilty of more than one offense arising out of the same criminal episode, "the sentences may run concurrently or consecutively" if each sentence is for a conviction of an offense under TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2008). It has long been recognized that, if the punishment assessed is within the range of punishment established by the legislature under its constitutional authority, there is no violation of the state constitutional provisions against cruel and unusual punishment. *Baldridge v. State*, 77 S.W.3d 890, 893 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). Appellant "invokes the proportionality principle for which the Eighth Amendment offers consideration to persons sentenced in state court."

We recognize that the prohibition against grossly disproportionate punishment survives under the Eighth Amendment of the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the legislature. *See Latham v. State*, 20 S.W.3d 63, 68-69 (Tex. App.—Texarkana 2000, pet. ref'd). The Eighth Amendment, which is applicable to the states by virtue of the Fourteenth Amendment, has been recognized as encompassing a narrow proportionality principle. *Robinson v. California*, 370 U.S. 660 (1962). It prohibits greatly disproportionate sentences. *Weems v. United States*, 217 U.S. 349, 371 (1910). Punishment will be grossly disproportionate to a crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme. *Harmelin v. Michigan*, 501 U.S. 957, 1004-06 (1991). Only if we infer that the sentence is grossly disproportionate to the offense will we compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *Id.*

Appellant put a knife to his stepdaughter's throat, forced her to remove her clothes, then penetrated her vaginally and anally leaving abrasions. We do not find that punishment of two fifteen year sentences is grossly disproportionate to the offense. The trial court did not abuse its discretion in ordering the sentences to run consecutively. Appellant's third issue on appeal is overruled.

The judgment of the trial court is affirmed.

JIM R. WRIGHT
CHIEF JUSTICE

January 30, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.