

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

### No. 07-16-00386-CR

---

JANICE BATES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 181st District Court
Potter County, Texas
Trial Court No. 69,938-B, Honorable John B. Board, Presiding

---

January 18, 2018

## OPINION

### Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Janice Bates, appeals her conviction for the offense of theft[1] and resulting sentence of sixteen years' imprisonment in the Texas Department of Criminal Justice, Institutional Division, and $2,500 fine. We will affirm the judgment of the trial court.

---

[1] *See* TEX. PENAL CODE ANN. § 31.03 (West Supp. 2017).

Factual and Procedural Background

On December 23, 2014, appellant and a male entered the JCPenney store in Westgate Mall. Appellant and the male went to a fitting room, which the male entered. Appellant then walked around the store selecting clothing items, including a stack of Levi's jeans that she picked up without looking at their sizes or prices. Appellant took the clothes to the male in the fitting room and handed them to him. After gathering some more items from the store and taking them to the male in the fitting room, appellant eventually entered the fitting room with the male. After about ten minutes, the couple emerged from the fitting room. Appellant was carrying two full JCPenney bags. Appellant walked past the cash registers and exited the store. A JCPenney loss prevention officer stopped appellant outside of the store. After police were called, it was determined that appellant had $882 in JCPenney merchandise in her possession.

Appellant was indicted for the state jail felony offense of theft based on two prior convictions for theft. *See* TEX. PENAL CODE ANN. § 31.03(e)(4)(D). The indictment alleged that the offense occurred within Potter County. Immediately before trial was to begin, the State moved to amend the indictment to specify that the offense was committed within 400 yards of Potter County. The trial court granted the motion but the indictment was not physically altered to reflect the amendment.

During the ensuing trial, two employees of JCPenney testified that JCPenney at Westgate Mall is split down the middle by the Potter and Randall county line and that the entirety of JCPenney is within 400 yards of the county line. An Amarillo police officer testified that, because the county line splits Westgate Mall, there is an agreement

between the two counties that persons arrested at the mall are taken to the Potter County Jail. When the jury was charged, it was instructed that it could consider Potter County to include the first 400 yards of Randall County. The jury returned a verdict finding appellant guilty "as alleged in the [i]ndictment."

Just before the trial began, the State informed the trial court that it was seeking to enhance appellant's punishment by proof of two prior felony convictions. The State informed the trial court that appellant was aware that the State was seeking enhancement. Appellant did not object to this statement. After appellant was found guilty, the State again addressed its intent to enhance appellant's punishment. The State read the enhancement allegations to the jury. In so doing, the State alleged that appellant had "committed" one of the offenses and been convicted of the other.[2] Appellant pled true to the enhancement allegations. Based on appellant's plea, the trial court instructed the jury to return a punishment verdict finding the enhancement allegations to be true. The jury returned a verdict sentencing appellant to sixteen years' imprisonment and a $2,500 fine.

By her appeal, appellant presents four issues. By her first issue, she contends that the State's verbal amendment of the indictment to allege that the theft offense occurred within 400 yards of Potter County was error that caused appellant some harm and counsel should be excused from objecting to this error. By her second issue, appellant contends that the oral amendment of the indictment addressed in her first issue was error that caused her egregious harm. By her third issue, appellant contends that her sentence was illegal because the State did not properly plead its enhancement

---

[2] Certified copies of these convictions were admitted into evidence as impeachment evidence.

3

allegations. By her fourth issue, appellant contends that her sentence was illegal because the State alleged that she had only committed one of the prior felonies, rather than having been convicted of it.

## Venue Issues

By her first and second issues, appellant contends that the State's verbal amendment of the indictment altering the allegation that the theft offense occurred in Potter County to allege that the offense occurred within 400 yards of Potter County was reversible error whether counsel was excused from objecting to the jury charge or whether assessed under the egregious harm standard.

Both of appellant's first two issues are addressed to the jury charge. We review a claim of jury charge error using the procedure identified in *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985), *overruled on other grounds*, *Rodriguez v. State*, 758 S.W.2d 787 (Tex. Crim. App. 1988). *See Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009). Using that procedure, we must first determine whether the charge was in error. *Id.*; *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If the charge is not in error, no further inquiry need be made. If there is error but the appellant did not object to the error, reversal is required if the error caused appellant egregious harm. *Almanza*, 686 S.W.2d at 171. Egregious harm occurs when the error affects the very basis of the case, deprives the defendant of a valuable right, vitally affects a defensive theory, or makes the case for conviction clearly and significantly more persuasive. *Taylor v. State*, 332 S.W.3d 483, 490 (Tex. Crim. App. 2011). However, if there was error and the appellant did object to that error, reversal is required if the error is calculated to injure

4

the rights of the defendant, i.e., if there is some harm. *Barrios*, 283 S.W.3d 350; *Almanza*, 686 S.W.2d at 171. In either case, the degree of harm is determined in light of the entire jury charge, the state of the evidence, including the contested issues and the weight of the probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171.

So, we must initially determine whether it was error for the trial court to charge the jury that appellant should be found guilty if the jury determined that she committed the offense of theft within 400 yards of Potter County when the indictment did not expressly include such an allegation and when the State's amendment of the indictment was not reduced to writing on the indictment or a copy thereof. Texas Code of Criminal Procedure article 13.04 provides that, "[a]n offense committed on the boundaries of two or more counties, or within four hundred yards thereof, may be prosecuted and punished in any one of such counties . . . ." TEX. CODE CRIM. PROC. ANN. art. 13.04 (West 2015). Further, article 21.06 provides that, "[w]hen the offense may be prosecuted in either of two or more counties, the indictment may allege the offense to have been committed in the county where the same is prosecuted . . . ." *Id.* art. 21.06 (West 2009). An offense may be alleged to have occurred in whichever county it is being prosecuted in so long as the offense occurred within the county or within 400 yards of the county, and the indictment does not need to specifically aver that the offense occurred within 400 yards of the county. *Rushing v. State,* 546 S.W.2d 610, 611 (Tex. Crim. App. 1977). Consequently, the jury charge's instruction that venue extends to an offense committed within 400 yards of the boundary of Potter County was a correct statement of the law governing the case. Thus,

the jury charge was not in error.  *See Barrios*, 283 S.W.3d at 350; *Ngo*, 175 S.W.3d at 743.

We overrule appellant's first two issues.

## Enhancement Issues

Appellant's third and fourth issues contend that the means utilized by the State to seek enhancement of appellant's punishment based on her prior felony convictions were improper.  Her third issue contends that the enhancement allegations were not properly pled by the State.  Her fourth issue contends that the State's oral reading of the enhancement allegations alleged that appellant had only committed one of the offenses, rather than having been convicted of the offense.

As a prerequisite to presenting a complaint for appellate review, an appellant must have raised the issue at the trial court level stating the specific grounds for objection and received an adverse ruling.  TEX. R. APP. P. 33.1(a).  A defendant's entitlement to a pleading of the State's intent to enhance the defendant's punishment by proof of prior felony convictions is a right that must be specifically invoked or else it is forfeited.  *See Nelson v. State*, No. 06-09-00184-CR, 2010 Tex. App. LEXIS 4908, at *14-15 (Tex. App.—Texarkana June 29, 2010, no pet.) (mem. op., not designated for publication); *Harris v. State*, 204 S.W.3d 19, 27 (Tex. App.—Houston [14th Dist.] 2006, pet. ref'd).

In the present case, appellant did not object to the State's announcement that it was seeking to enhance appellant's punishment due to two prior felony convictions.  Prior to the beginning of the trial, the State declared that it intended to enhance appellant's sentence based on prior felony convictions of which she had been notified.  Appellant

6

voiced no objection to this statement. At the beginning of punishment, the State again indicated that it was seeking to enhance appellant's punishment based on two prior felony convictions, which it then read to the jury. In reading the enhancements, the State stated that appellant had committed one of the offenses, rather than that she had been convicted of the offense. At that time, not only did appellant not object but she actually pled true to the enhancement allegations. Further, when she was sentenced to a term of confinement that exceeded the range of punishment for the state jail felony for which she was convicted and for a third-degree felony that would apply if she had only been previously convicted of one prior felony, appellant raised no objection. Consequently, we conclude that appellant did not preserve any error regarding the manner in which the State notified appellant that it intended to use two prior felony convictions to enhance her punishment to that of a second-degree felony.[3] *See Nelson*, 2010 Tex. App. LEXIS 4908, at *14-15; *Harris*, 204 S.W.3d at 27.

Additionally, appellant pled true to the enhancement allegations and evinced no surprise or objection when the enhancements were discussed by the State. *See Nelson*, 2010 Tex. App. LEXIS 4908, at *15. Nothing in the record reflects that appellant's defense was impaired by the State's late indication that it was seeking to enhance appellant's punishment under the habitual offender statute. *Mares v. State*, No. 05-14-00454-CR, 2015 Tex. App. LEXIS 5514, at *6-7 (Tex. App.—Dallas May 29, 2015, no pet.) (mem.

---

[3] In addition to failing to object to the lack of enhancement pleading during the trial, appellant did not file a motion for new trial raising the issue of the State having inadequately pled the enhancements or using the "commission" of an offense for enhancement rather than a conviction. *See Fairrow v. State*, 112 S.W.3d 288, 293 (Tex. App.—Dallas 2003, no pet.) (reviewing claim that appellant did not receive written notice of the State's intent to enhance punishment under habitual offender statute even though appellant did not object when the trial court notified him of the possibility that his sentence could be enhanced or when he was actually sentenced because appellant timely filed a motion for new trial raising the issue).

op., not designated for publication). When a defendant offers no defense to the enhancement allegations and does not request a continuance to prepare a defense, notice given at the beginning of the punishment phase satisfies due process. *Villescas v. State*, 189 S.W.3d 290, 294 (Tex. Crim. App. 2006).

## Conclusion

Having determined that the trial court did not err in charging the jury regarding the appropriate venue applicable to the case and concluding that appellant failed to preserve her issues regarding the use of two properly sequenced prior felony convictions to enhance her punishment, we affirm the judgment of the trial court.


Judy C. Parker
Justice


Publish.